CASE 9—PETITION ORDINARY—DECEMBER 14.

# Ray vs. Sellers.

APPEAL FROM GARRARD CIRCUIT COURT.

1. An action against a defendant for creating a private nuisance is an action for an injury to the person, and no verification of the petition is necessary. (*Civil Code, sec.* 143.)

2. No instruction should be given, based on a ground of defense not set up in the answer.

Ray vs. Sellers.

3. Generally, the creator of a private nuisance is liable to any person thereby injured, without notice to desist; but the continuer of a nuisance is not liable for damages without a request to remove it. (5 *Coke*, 101; *Willes*, 583; 1 *Ch. Pl.*, 89.)

G. R. McKEE, for appellant, cited *Civil Code, secs.* 143, 611; 4 *Jacob's L. Dict.*, 419; 3 *Bl. Comm.*, 219; 4 *Ibid*, 167; 7 *B. M.*, 337.

G. W. DUNLAP and J. A. ANDERSON, for appellee, cited 2 *Rev. Stat.*, 719.

CHIEF JUSTICE BULLITT DELIVERED THE OPINION OF THE COURT:

The appellee, Sellers, sued the appellant, Ray, for creating a nuisance, by wrongfully depositing dead horses near to the plaintiff's dwelling-house, thereby corrupting the air in and about the same, and rendering it offensive and unwholesome.

A motion to dismiss the petition, because it was not properly verified by affidavit, and a demurrer to the petition having been overruled, the defendant filed an answer, denying that he had wrongfully deposited dead horses near to the plaintiff's dwelling-house, and alleging, in substance, that the dead horses which he deposited near to said house were deposited on land which was under the control of one Sympson, with his consent, and that it was a general place of deposit for dead stock by everybody in the neighborhood. The plaintiff obtained a verdict and judgment for $100, which the defendant seeks to reverse.

In our opinion, this is an action for an injury to the person, within the meaning of section 143 of the Code of Practice, and no verification of the petition was necessary.

It is contended that the demurrer should have been sustained, first, for the alleged reason that the nuisance was a common one, and the petition does not show that the plaintiff had sustained any special damage; and, secondly, because the petition does not aver a notice to the defendant not to create the nuisance, nor a request to remove the cause of it.

We consider the first ground untenable, because the petition does not show that the nuisance was a common one. No one appears from the petition to have been annoyed by it except the plaintiff.

And we consider the second ground untenable, because it does not appear from the petition that the plaintiff or others had done any act which authorized the defendant to infer that the plaintiff consented to the creation of the nuisance. On the contrary, the petition alleged, and the demurrer admitted, that the nuisance was created wrongfully.

It is contended that the court erred in refusing to instruct the jury, that "if the deposit of dead stock at the place where it was deposited was a common nuisance, before they can find for the plaintiff they must find that she received special damage therefrom."

Whether or not there was sufficient evidence to base this instruction upon, we need not decide, because the defense was not presented by the answer, and the instruction was, therefore, properly refused.

But, in our opinion, the court erred in refusing to instruct the jury, at the instance of the defendant, that they should find for him, if the place where the dead horses were deposited was and had been a common place for the deposit of dead stock in the neighborhood. This defense was presented in the answer, and there was evidence conducing to sustain it. Generally, the creator of a private nuisance, like any other wrong-doer, is liable to any person he may injure, without notice to desist from the wrong, or request to repair the injury. But if, during several years before the act complained of, the plaintiff permitted the place in question to be used by the neighbors generally as a common receptacle for carcasses, the defendant had a right to infer that she consented to such use of it by him; and we believe it would be unjust to hold him liable for damages, unless she gave him some notice or request, informing him of her dissent; of which there was neither proof nor allegation. It is settled, as a general rule, that the continuer of a nuisance, created by another, is not liable for damages without a request to remove it. (*Penruddock's case*, 5 *Coke*, 101; *Winsmore vs. Greenback, Willes*, 583; 1 *Ch. Pl.*, 89.) Upon the hypothesis last mentioned, our opinion is, that the defendant should be regarded rather as the continuer of a nuisance created by others, than as the creator of it.

Upon the return of the cause the parties should have leave to amend their pleadings.

The judgment is reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.