CASE 82.—ACTION BY J. W. PINKERT AGAINST THE CENTRAL CONSUMERS CO. FOR INJURY TO HER HOUSE AND LOT BY WATER ESCAPING FROM AND THE OPERATION OF A PUMPING STATION.— May 2.

## Central Consumers Co. v. Pinkert

Appeal from Jefferson Circuit Court. (Common Pleas Branch, Third Division.)

MATT O'DOHERTY, Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

1. Nuisance—Negligent Operation—Damages to Adjacent Property—Question for Jury—On the trial of an action for damages to adjacent property by the negligent operation of a pumping plant where the evidence establishes the right of the plaintiff to some amount in damages, it is the province of the jury to determine the amount.

2. Permanent Injury—Measure of Recovery—On the trial of an action for damages to adjacent property by the negligent

Central Consumers Co. v. Pinkert.

use of a pumping plant, where the petition seeks to recover for the permanent injury to the property, the measure of the recovery was the diminution, if any, in the fair market value of the plaintiff's property caused by the injury complained of.

3. Creating Nuisance—Continuation—Liability—While it is the general rule that if one who has created a nuisance on his land, conveys the land to a purchaser who continues the nuisance, the purchaser is not liable unless on complaint or request he dose not remove it, but the doctrine is also recognized that the continuer of the nuisance is liable without a request to remove it, if by some positive act he adopts it, or the nuisance results from the use rather than from the erection itself.

KOHN, BAIRD & SPINDLE for appellant.

S. E. SLOSS, R. L. GREENE of counsel.

POINTS AND AUTHORITIES.

This is an appeal from a judgment for $500 for damages alleged to have been done appellee's property by a pumping station on appellant's lot adjacent thereto. The plant consists of a tank and pump. There is no machinery on appellant's lot. The damage is alleged to result from the noise made by the water flowing into the tank and from leakage. There was no evidence of permanent injury, of loss of rent or of any expenses for repairs. The appellant did not erect the alleged nuisance, but bought the property with the pumps on it, and was never notified or requested to abate. The injury, if any was temporary—not permanent.

1. A peremptory instruction should have been given.

(a) Because one who buys property on which is a nuisance, the continuer of it, is liable, not like the creator of it, but only after notice and request to abate. (Ray v. Sellers, 1 Duvall, 254; West v. L., C. & L. R. R., 8 Bush, 404.)

(b) Because the measure of damages was not the depreciation in value of the property, but the loss of rents and cost of repairs, and there was no evidence of either.

2. The instructions were erroneous.

(a) They authorized the jury to award as damages the depreciation in value of the property. Damage was done, if at all, only when the plant was operated. It was not continuous

or permanent, and can be completely ended by suspending the operation of the plant. For every separate damage resulting from its operation there is a separate cause of action. The measure of damages is, therefore, any loss of rent appellee sustained from, and repairs made necessary by, the alleged nuisance. (Kinnaird v. Standard Oil Co., 89 Ky., 468; Gulf, &c., v. Roberts, 86 S. W., 1052 (Texas); Holbrook v. Griffin, 103 N. W., 49; City v. Colburn, 108 Ky., 420; Bannon v. Rohmeiser, 17 Ky. Law Rep., 1378; Bauer v. Murphy, 18 Ky. Law Rep., 989-91; City v. O'Malley, 21 Ky. Law Rep., 873; 21 A. & Eng. Ency. of Law, 2d Ed., 727.)

(b) They were not, and should have been, limited to damages sustained while appellant was the owner and before suit brought, yet plaintiff was allowed to prove damage previous to ownership of the alleged nuisance by defendant. (Hughes v. Gen. Electric Co., 107 Ky., 485; 1 Sutherland on Damages, sec. 114; 21 A. & M. Ency. of Law, (2d Ed.), 727-730 and sq.)

c) They should have excluded from the consideration of the jury rainfall splashing from the[4] tank and dampness of walls of appellee's house, which were not pleaded. (C. & N. v. Hammer, 23 Ky. Law Rep., 1846.)

(d) They should have excluded noises ordinarily incident to such a plant. (Hughes v. Gen. Electric Co., 107 Ky., 485; Lou. Ry. Co. v. Foster, 108 Ky., 140.)

3. The court erred in admitting evidence that rain splashed from the tank on appellee's premises, and that her cellar was wet, because these were not pleaded; erred in admitting evidence of damage before appellant became the owner and of damage after suit brought.

4. Two witnesses for defendant who were qualified to testify as to real estate values found no damage. One for plaintiff fixed $185.00 as the damage. The verdict was for $500.00. The other witnesses for plaintiff fixed damages at $1,000.00 to $1,500.00; none of the latter were shown to be qualified to entertain an opinion, and all, on cross examination, proved to be utterly incompetent. It was error to admit, and to refuse to exclude their evidence. (I. C. v. Smith, 110 Ky., 203-207; Miller v. Earl, 22 Ky. Law Rep., 825; Gerkins v. Ky. Salt Co., 23 Ky. Law Rep., 2415-7; Riley v. Conden, 57 Alt., 445; Haight v. Kimbark, 51 Iowa, 13; Whitney v. Boston, 96 Mass., 312.)

5. This testimony was prejudicial to appellant. (Haight v. Kimbark, 51 Iowa, 13.)

6. The court erred in refusing to send the jury to view the premises.

Central Consumers Co. v. Pinkert.

FRANK HAGAN for appellees.

The appellee sued appellant for damages to her dwelling house by the erection of a water tank on the appellant's lot within four feet of her house, and extending to the line of her fence, from which water leaked and fell on her land, also dripping from the roof of the tank on her lot near her dwelling house, causing the land to become wet and saturated with water, and causing the walls of her house to become damp, and disturbing the inmates by unusual sounds. . The water is pumped into the tank, which is eight feet high and forty-four feet in circumference, from artesian wells close to the tank, through pipes to a brewery some squares away. The pumping at times continues all day and late into the night, and commences early in the morning before the inmates of the house are up, and breaks their rest. The dampness of the yard and the walls of the house makes the house unhealthy. This causes a declination of the value of the lot, lessens the salable value of the property, causes low rental value when rented and causes an inferior lot of tenants, and in almost every way injures the value of the property. The jury assessed damages at $500.00, and the appellant seeks to reverse that judgment.

I submit that the law as well as the facts sustains the judgment.

## AUTHORITIES CITED.

3 Sutherland, 394, 396, 397, 419; 10 Bush, 382; 13 Bush, 667; 14 Bush, 87; 81 Ky., 377; 16 Ky. Law Rep., 347, 803; 21 Ky. Law Rep., 1623, 1202; 94 Ky., 556; 15 Ky. Law Rep., 325; 1 Am. St. R., 595; 27 Am. St. Rep., 694; 42 Am. Rep., 534; 40 Am. Rep., 738; 60 Iowa, 505; 81 Am. Rep., 588; 53 Am. Rep., 730; 97 Am. Rep., 654; 25 Am. Rep., 596; 5 Am. St. Rep., 524; 77 Wis., 593; 123 Ill., 348; 3 Blackstone, 217, 218; 9 Ga., 425; 4 Denio, 311; 9 Paige, 575; 57 N. Y., 306; 63 Barb., 255; 33 Conn., 118; 51 Me., 503; 38 Am. Dec., 567; L. R., 3 Eq., 409; 9 N. J., 294; 20 N. J., Eq., 205; 76 Ill., 327; 23 N. J., Eq., 201; 90 Am. Dec., 188; 13 Allen, 95.

On evidence. 90 Am. Dec., 181; 13 Allen, 95; 13 Metc., 288; 46 Am. Dec., 733; 2nd Gray, 109; 15 Gray, 484; 188 .Mass., 548; 49 L. A. Ann., 658; Abbot's Trial Evidence, note 2nd, page 34; 66 Am. Dec., 232 note; 63 Pa. St., 156; 69 Pa. St., 36; 117 Mass., 122; 49 Am. Dec., 544; 103 Mass., 409; 30 Mo., 160.

Measure of Damages. 77 Iowa, 50; 14 Am. St. Rep., 268; 11

Texas App., 95; 32 S. W., 96; 80 Ala., 575; 80 Am. Dec., 263; 28 Ill., 73; 60 Ill. App., 84; 40 Mo. App., 173; 87 Tenn., 614.

OPINION OF THE COURT BY JUDGE SETTLE.

This action was originally brought by appellee against the Senn & Ackerman Brewing Company, but by amended petition the appellant, Central Consumers' Company, its vendee and successor, was made defendant, and the action thereafter abated as to the original defendant. The action as set forth by the petition and amendments was one to recover for alleged injury to appellee's house and lot, situated on Walnut street, west of Eighteenth street, in the city of Louisville, by the escaping of water thereon from a large tank situated on appellant's lot, adjoining that of appellee, whereby her yard, the walls of her house, and the walkway leading to and around same, were made and kept damp, to the injury of the property. It was in substance averred in the petition, as amended, that the water tank was supplied with water from two wells, also situated on appellant's lot, only a few feet from the tank, the water being pumped by machinery and run through pipes from the wells into the tank, which rested on and was elevated by a supporting frame, situated so near and against appellee's lot and by the side of her house as to almost cause the tank to overhang her lot; at any rate, so near as to enable the water almost constantly leaking, overflowing, or otherwise escaping from it, and the pipes connecting it with the wells, to fall upon or run into her lot, and that the dampness thus produced injured her house, and the loud and unusual noise made, day and night, by the

pumping of water into the tank, together with the damp condition of the lot and building, caused such annoyance and discomfort to, and so threatened the health of, the inmates of her house and lot as to make them remove, and at times leave the house vacant, and at times prevent her from renting the property. It further appears from the petition that the wells were drilled and tank erected, a year or more before they became the property of appellant, by the Senn & Ackerman Brewing Company, for supplying with water a brewery two squares distant it was operating, and of which appellant also became owner, and that the latter had been operating the brewery and using the wells and water tank for about two years before it was sued by appellee. The answer of appellant specifically denied all affiffirmative matter contained in the petition, as amended, and interposed the further defense that, if there was any injury to appellee's house and lot from the wells and tank, it was not chargeable to it, as they were made and erected by the Senn & Ackerman Brewing Company, its vendor, and, in addition, that it could not in any event be made liable in this case for the damage sustained to appellee's property by its operation of the pump or use of the wells and tank, as it had received neither complaint nor notice from appellee that her property had been, or was being, injured by its maintenance and use of the wells and tank, or been asked by her to discontinue their use or abate the nuisance. The trial in the lower court resulted in a verdict and judgment in appellee's favor for $500. Appellant, having been refused a

new trial, now asks of this court a reversal of the judgment in question.

Our reading of the record satisfies us that the peremptory instructions asked by appellant at the conclusion of appellee's evidence, and again after all the evidence was introduced, was properly refused by the trial judge; for there was considerable evidence tending to show that appellee's house and lot had been injured in the manner, if not to the full extent, claimed in the petition and that such injury occurred and resulted during the two years of appellant's ownership and operation of the pumping plant. It is therefore safe to say that the evidence established her right to recover some amount in damages for the injury sustained to her property. It was the province of the jury to determine the amount, and in view of the fact that some of the witnesses fixed the damage as high as $1,500, though the weight of the testimony placed it at a far smaller sum, we are not prepared to say that the amount awarded her was excessive. It was, however, liberal.

It is insisted for appellant that the jury was improperly instructed as to the measure of damages, as they were in substance instructed by the court, if they found for appellee, that the measure of recovery was the diminution, if any, in the fair market value of her property caused by the injury complained of, whereas it is appellant's claim that she could only recover for loss of rents during such time, if any, as her property was rendered tenantless by the maintenance and use of the pump and water tank by appellant, or for the diminution of its rental value caused thereby. We think the jury were properly

instructed as to the measure of damages. Fairly construed, the petition does not seek a recovery for loss of rents, or diminution of the rental value of appellee's property, but for the alleged permanent injury to same; the diminution in the rental value being but an incident of the permanent injury to the property. If she were seeking to recover for the diminution of its rental value alone, any future or additional injury to her property, and consequent diminution in its rental value, that might result from appellant's continued use of the pump and water tank, would entitle her to sue and recover of appellant again, and as often as such additional injury might occur. As it is apparent from the evidence found in the record that the wells, water tank, and pumping apparatus, on the lot adjoining that of appellee, are of a permanent character, and will doubtless continue to be used, probably with like injurious results to appellee's property, it would seem eminently proper that all the damages claimable should be recovered in one action. In Wood's Law of Nuisances, 1005, it is said: "So, too, where a nuisance is of such a character that its continuance is necessarily an injury, and it is of a permanent character, so that it will continue without change from any cause but human labor, it is held that the damage is original, and may be at once fully compensated." In 4 Sutherland on Damages (3d Ed.), section 1046, it is said: "The apparent discrepancy in the American cases on this subject may, perhaps, be reduced by supposing that where the nuisance consists of a structure of a permanent nature, and intended by defendant to be so, or of a use or invasion of the plaintiff's property or a deprivation of some benefit appurtenant to it for

an indefinitely long period in the future, the injured party has an option to complain of it as a permanent injury, and recover damages for the whole time, estimating its duration according to the defendant's purpose in creating or continuing it, or to treat it as a temporary wrong, to be compensated for while it continues; that is, until the act complained of becomes rightful by grant or condemnation of property, or ceases by abatement. The recovery of damages on a declaration alleging the permanency of the nuisance, on principle, would estop the plaintiff, not only from recovering future damages, but also from taking any steps to abate the nuisance during the period for which damages had been recovered. This is apparently the law in Kentucky, Illinois, Indiana, Missouri, Ohio, and Georgia. * * * While no infallible test can be applied to enable us to determine whether a structure is permanent or not, inasmuch as nothing is absolutely permanent, yet, when a structure is practically determined to be a permanent one, its permanency, if it is a nuisance and will necessarily result in damages, will make the damages original.'' 4 Sutherland on Damages (3d Ed.), pp. 3044, 3045, section 1043. This view of the matter, it seems to us, should not be objected to by appellant, and may be said to be favored by the law, which frowns upon a multiplicity of actions. Besides, having sued for the permanent injury to her property, appellee must be understood as having elected to recover all of the damages she had sustained, or might thereafter sustain, from the maintenance of appellant's water tank, pipes, and pumping apparatus, in one action.

It is contended by counsel for appellant that as the pumping plant was erected by its vendor, Senn &

Ackerman Brewing Company, and had been operated by that company for a year or more before it became the property of appellant, the latter can not be held liable in damages for an injury to appellee's house and lot resulting from its continued operation, in the absence of a previous complaint thereof or request to discontinue its use. It is the general rule that if one who has erected a nuisance on his land conveys the land to a purchaser, who continues the nuisance, the vendor remains liable, and the purchaser is not liable, unless, on complaint or request, he does not remove it. A. & E. Ency. of Law, Vol. 16, p. 980; Wood's Law of Nuisances, 968; Ray v. Sellers, 1 Duv., 254; West v. L., C. & L. R. R. Co., 8 Bush, 404. But the doctrine is also recognized that the continuer of the nuisance is liable without a request to remove it, if by some positive act he adopts it, or the nuisance results from the use, rather than from the erection itself. Wood's Law of Nuisances, 969; Whitenach v. Phila. & R. R. Co. (C. C.), 57 Fed., 901; Morris Canal Co. v. Reyessou, 27 N. J. Law, 457. The injury to appellee's property complained of was, we think, such as resulted from appellant's use of its pumping plant, and not from its erection. Therfore, under the rule last stated, no complaint to it, or notice from appellee to abate the nuisance, was necessary before the institution of the action. We do not regard Ray v. Sellers and West v. L., C. & L. R. R. Co., supra, cited by appellant's counsel, as in conflict with the conclusion herein expressed. They belong to the class of cases embraced by the first or general rule above indicated. In the Ray case the defendant was sued for creating a nuisance by depositing a dead horse near the plaintiff's house. The defense was that the place

where the dead horse was deposited had for a long time been used for that purpose without objection from plaintiff. In passing on the question of defendant's liability, the court said: "But if during several years before the act complained of plaintiff permitted the place in question to be used by the neighbors generally as a common receptacle for carcasses, the defendant had a right to infer that she consented to such use of it by him, and we believe it would be unjust to hold him liable for damages, unless she gave him some notice, or request, informing him of her dissent, of which there was neither proof nor allegation." In the West case, a railroad company had erected on the plaintiffs land an embankment and culvert, and, the latter being insufficient to carry off the water, in flood time it was backed upon and overflowed plaintiff's land. The defendant railroad company, a remote vendee of the company that had created the nuisance, was sued by the plaintiff for the damages thereby sustained, and the court held it not liable, in the absence of notice requiring it to enlarge the culvert or otherwise abate the nuisance. This decision of the question involved was undoubtedly correct. The defendant's continued use of the embankment in the condition in which it acquired title to it did not cause the injury to plaintiff's land, for such injury would have resulted without any use of it by defendant. The injury was caused by the insufficient culvert, which was constructed by the former owner of the railroad track and right of way, and therefore resulted wholly from the creation of the nuisance, and in no sense from defendant's use of the right of way; hence notice to the defendant was indispensably necessary to make it liable. The case at bar rests,

as we have attempted to show, on a wholly different basis, and is unlike those supra.

Other alleged errors are presented by appellant, but, as they were not prejudicial, and are not seriously relied on, we will not discuss them. The instructions of the trial judge seem to be free from error.

Finding no sufficient reason for reversing the judgment complained of, it is affirmed.