CASE 36.—ACTION BY MARTIN GENTRY AGAINST THE CITY OF RICHMOND FOR DAMAGES FROM FLOODING PLAINTIFF'S LAND.—January 6, 1910.

## City of Richmond v. Gentry

Appeal from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1. Water and Water Courses—Flooding Lands—Obstruction of Water Course—Measure of Damages.—Where an obstruction causing recurring overflows of land is of a temporary character, the measure of damages is the diminution in the value of the land for use, or its rental value, and not the diminution of its salable value.

2. Water and Water Courses—Flooding Lands—Obstruction of Water Course—Nature of Obstruction—Damages.—Where the obstruction causing the overflow of land is of a permanent character, all damages to such land, past, present, and contingent must be recovered in one action.

3. Water and Water Courses—Flooding Lands—Obstruction of Water Course—When Action Accrues.—Where the obstruction causing the overflow of the land is permanent in nature, the cause of action for damages accrues when the structure is completed, or when the injury to the property is first occasioned.

4. Water and Water Courses—Flooding Lands—Obstruction of Water Course—Who Entitled to Sue.—Where the obstruction

causing land to be overflowed, is permanent in character so that the damages are in gross, and there can be but one recovery, such damages are recoverable by the then owner of the land, and not by a successor in title.

5.  Waters and Water Courses—Flooding Lands—Obstruction of Water Course—Character of Obstruction—"Permanent Structure."—As affecting the damages to be recovered for overflowing land by a structure obstructing a water course, when it would cost as much to alter the structure causing the obstruction, as to build it in the first instance and it is of a durable character, evidently intended to last indefinitely, it may be regarded as "permanent."

T. H. COLLINS for appellant.

STELLA M. TEMPLEMAN and J. TEVIS COBB for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellee acquired a lot in the city of Richmond about four years ago. The surface of the adjacent territory is such that its natural drainage is through a branch which traverses this property. The branch at that point has been walled up and covered over so as to make it a kind of a sewer. Just below the property the branch crosses First street. The city some years ago graded and improved this street. A 36-inch sewer was laid under the street to accommodate the flow of water from the branch. The city had also built other sewers which conducted surface water from other sections, into this branch above appellee's lot, augmenting the quantity of water passing through the sewer. This additional water would otherwise have passed off naturally in other directions. The conditions mentioned have existed for a time preceding appellee's purchase of his lot. The sewer under First street is not large enough to carry off readily all the water caused to pass through it

during heavy rains, and in consequence it overflows some of the adjoining lands, including appellee's lot. This suit was brought by appellee against the city to recover damages for injury done to his lot by the conditions named. It was also charged that the sewerage produced foul odors, greatly inconvenienced the plaintiff, and detracted from the value of his lot.

The court submitted the issue to the jury, and fixed the measure of damages as the depreciation in salable value of the lot caused by the recurring overflows. The instructions given the jury by the trial court were erroneous. If the structure—that is, the sewer under First street—had been of a temporary character, the measure of damages would have been not the difference in the salable value of the property injured thereby, but the diminution of the value of the use or rental value of the property. Pickerill v. City of Louisville, 125 Ky. 213, 100 S. W. 870, 30 Ky. Law Rep., 1239; City of Madisonville v. Hardman, 92 S. W. 930, 29 Ky. Law Rep. 253; Hughes v. General Electric, etc., Co., 107 Ky. 485, 54 S. W. 723, 21 Ky. Law Rep. 1202; E. L. & B. S. R. R. Co. v. Combs, 10 Bush, 382, 19 Am. Rep. 67. Whether an obstruction constituting a nuisance is a permanent one, in which event all the damages to a particular lot resulting from it must be recovered in one action or temporary, when successive actions may be maintained to recover the damages, is often difficult to determine. As has been repeatedly held, if the structure is permanent, not only must all damages, past, present, and contingent, be recovered in one action, but they accrue when the structure is completed—or at least when the first injury is occasioned to the property—and are recoverable by the then owner of the lot.

vol. 136—21

Hughes v. General Electric, etc., Co., supra.; L. & N. R. R. Co. v. Lambert, 110 S. W. 305, 33 Ky. Law Rep. 199.

It is deemed a taking of the property, and as no alteration of the structure is practicable, it is assumed that the condition will remain unchanged. The law disfavors a multiplicity of suits. It encourages the settlement of controversies in the simplest and most expeditious manner, consistent with justice. It would be an unjust burden to allow repeated recoveries for injury to property which in the nature of the case is liable to recur frequently, when the whole matter could as well be settled in the one action. If, however, the structure is one which can be removed, or remodeled so as to obviate a recurrence of the damage, then it is better to allow a recovery for only so much of the damage as had occurred up to the time of the trial. For the parties thereafter could and might remove the objectionable feature. In such event it would be unjust to allow a recovery of damages in excess of the injury already sustained, as future damages might not ensue.

Obviously, if the structure is permanent and the damages recoverable in one gross sum, covering all time, that should end the matter. To allow additional recoveries of the same nature would be to mulct the defendant a number of times for the same wrong, and compel it to make compensation repeatedly for one taking of the property. It is equally clear that the person from whom the property was taken, its owner at the time of the permanent injury, is the one to be compensated. If he sells the property subsequently, he sells it in its impaired state. The purchaser buys it under the existing conditions which detract from its value and fixes the consideration ac-

cordingly.  L. & N. R. R. Co. v. Lambert, supra.  If he were allowed then to recover the diminished value he would get something he had not bought.  It is upon these considerations that is rested the rules of compensation above outlined.  A sewer under a street is a permanent structure, as that term is used.  When it would cost as much to alter a structure as to build it in the first instance, and when it is of a durable character, evidently intended to last indefinitely, it may be regarded as permanent.  If an underground sewer is not a permanent structure, then there are none.  It was held to be so in Madisonville v. Hardman, supra.  It follows that the damage done to this lot by the building of the sewer in question accrued to the former owner of the lot, and was then recoverable by him.

Limitation was not relied on by the city.  Nor was it necessary that the city should have pleaded the statute.  The statute may be a bar to a cause of action.  But when the facts disclosed show that the plaintiff never had the cause of action, the statute will not apply.  The damages resulting from the sewerage are governed by the same rule as that applied to the sewer.  They all arise out of the installation of the system by the city before appellee acquired the lot, and the situation was as permanent as it is the nature of such things to be.  The circuit court should have peremptorily instructed the jury to find for the defendant city.

Reversed and remanded.