## Madisonville, Hartford & Eastern R. R. Co. v. Wiar, et al.

(Decided June 13, 1911.)

### Appeal from Hopkins Circuit Court.

1. Land—Injury Thereto—Action by Real Representative—Where the owner of land dies before a wrong is done whereby the land is injured, the right of action for the injury is in his real representatives.

2. Parties to Action—Omission of Name in Caption—An infant being made a party plaintiff in the body of the petition, and his name having been omitted from the caption by a clerical error, the judgment in favor of the plaintiff will not be reversed for the defect which was not aptly presented to the circuit court by a demurrer apprising the other party of the defect relied on.

3. Railroads—Construction—Damming Water on Land—Measure of Damages—Where a railroad is so constructed as to dam up the water upon the land above the line of the railroad, the measure of damages is the depreciation in the reasonable market value of the land by the obstruction of the water.

4. Instructions—Inaptly Expressed—Reversal—A judgment will not be reversed for instructions which are inaptly expressed if under the evidence it is clear the jury could not have been misled by them.

C. J. WADDILL, BENJAMIN D. WARFIELD and CHARLES H. MOORMAN for appellant.

GIBSON & KINCHELOE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

H. R. Bourland died a resident of Hopkins County about the year 1890, the owner, among other things, of a tract of land, which on August 31, 1895, was sold in an action between his widow and children for a sale of the land and a division of the proceeds. John G. Morton became the purchaser for the sum of $6,000, which he paid into court and it was distributed to the parties entitled thereto under the judgment; and a deed was executed to him for the land, the sale having been confirmed. Morton conveyed the surface of the land to J. C. Wiar in the year 1906 and Wiar has since held the land. After Wiar's purchase, conceiving that there was a defect in the proceeding under which the land had been sold and bought by Morton, all the real representatives of Bourland who were of age, executed a deed to the Kentucky Bank and Trust Company and it executed a conveyance to Wiar. After this the Madisonville, Hartford & Eastern Railroad Company built its line of road across the land and this suit was brought against the railroad company by Wiar to recover damages on account of the flooding of the land by reason of the fact that the railroad was built across it on a fill and sufficient escape was not left for the water which flowed over it. The widow and children of Bourland joined with Wiar as parties plaintiff and also the executor and devisee of John G. Morton. One of the heirs at law of Bourland was an infant, Robert Mangrum, and Thomas E. Finley was his guardian. The railroad company filed an answer which put in issue the allegations of the petition, and on a trial of the case there was a verdict and judgment in favor of the plaintiffs for $1,000. The railroad company appeals.

It is insisted for the railway company that one of the children of Bourland died after her father and that the action as to her should have been brought in the name of her personal representative. This would be true if the cause of action for the injury to the land accrued to her. But if the cause of action for the injury

to the land accrued after her death, it would pass to her real representatives or her brothers and sisters. There is nothing in the record to show that she died after the cause of action accrued. On the contrary, we infer from the facts stated in the record that she died before. This objection appears to have been first made in this court and comes too late.

It is also insisted that as to the infant, Robert Mangrum, the cause of action for the injury to the land is in him, not in his guardian and he is not a party plaintiff in the action. In the caption of the petition the names are thus written, "Thomas E. Finley, guardian of Robert Mangrum;" but in the body of the petition Robert Mangrum is named as one of the plaintiffs and Finley as his guardian. Taking the petition as a whole we conclude that the omission of the name of Robert Mangrum in the caption is a clerical error which is shown by the paper taken as a whole. But in addition to this if there was a defect here, it should have been presented by a special demurrer distinctly calling the attention of the court to it. The defendant filed a special demurrer in which, among other things it was stated that there was a defect of parties plaintiff and defendant, but there was no reference in the demurrer to the matter now complained of. It was the rule at common law that a matter in abatement must be so pleaded as to give the plaintiff a better writ, the purpose of the rule being that the defect relied on should be distinctly pointed out. This was not done here, and the objection not having been properly made in the circuit court, will not be allowed here as a ground for reversal after the case has been tried on the merits. Robert Mangrum is bound by the judgment. His guardian had power to bring the action for the ward and in his name. The defect relied on does not affect any substantial rights of the defendant, and errors not affecting the substantial rights of the party complaining are not ground for reversal under section 131 of the Code.

While the evidence is conflicting we can not say that the verdict of the jury is palpably against the evidence. The evidence for the plaintiff taken alone would have authorized a very much larger verdict; the evidence for the defendant taken alone would have authorized a very much smaller verdict. A jury of twelve men coming from the various walks of life and putting together their

common experiences are peculiarly qualified to determine disputed matters of fact like this. It was incumbent upon the railroad company in building its railroad across the bottom to leave sufficient escape for the water that might be reasonably anticipated to come down the valley. It built a fill something like a half mile long and it was apparent that the water could only get out at such escapes as it left. The plaintiff's land in the bottom consisted of something like 100 acres and was very valuable. If the water was backed up on it as described by the plaintiff's witnesses, the verdict of the jury was not unwarranted. The credibility of the witnesses was for the jury who saw and heard them. The structure is permanent, and but one recovery may be had.

The court gave the jury these instructions:

"1. If the jury believe from the evidence that the defendant, when it built its railroad along and near the southern line of the lands formerly owned by H. R. Bourland, and mentioned by the witnesses, so constructed its roadbed as to dam and hold the water back upon said land, and without sufficient openings, or water ways to allow the water flowing upon said land to pass off in times of ordinary rain falls, to the extent it formerly did, to the injury of said land, and that by reason of such fault of the defendant the reasonable market value of said Bourland tract of land has been diminished to the damage of the plaintiffs, the jury will find their verdict for the plaintiffs.

"2. If the jury find their verdict for the plaintiffs they will award such sum in damages as will reasonably compensate them for any loss sustained by them, by reason of the injury to the land to be estimateed by the depreciation, if any, in the reasonable market value of said land directly caused by the injury, considering the reasonable market value of said land immediately before the injury and its reasonable market value immediately after the injury but not to exceed $5,000, the sum claimed in the petition.

"3. If the jury believe from the evidence that any of the plaintiffs by their want of ordinary care, made any improper ditching upon said land, or in changing, filling or damming of the creek's drains and channels

caused, or contributed to the injury of which they complain to such an extent that but for such want of ordinary care upon their part they would not have been injured and damaged, they will find for defendant.

"4. Ordinary care is such care as a person of ordinary prudence would usually exercise under the same or similar circumstances.

"5. The court instructs the jury that if they believe from the evidence that plaintiffs have suffered no injury and damage except such as was necessarily incident to a proper and prudent construction of its railroad, they will find for defendant."

Appellant complains of the first instruction because it uses the words "to the extent it formerly did," but the word "formerly" evidently means, before the defendant built its railroad, as set out in the preceding part of the instruction. This is made clear by the 5th instruction which excludes all injury except that from the improper construction of the railroad. Appellant also complains that the measure of damages is not correctly given in the second instruction, but we can not see how the jury could have misunderstood the instruction under the evidence. They were told that they should consider the reasonable market value of the land before and immediately after the injury and find for the plaintiff, the depreciation in the reasonable market value of the land directly caused by the injury. A great many witnesses had testified to the value of the land without the obstruction of the water and its value with the water obstructed as it was, and in view of the testimony on both sides upon this matter, the jury could not have misunderstood the instruction. On the whole case we find no error in the record to the prejudice of appellant's substantial rights.

Judgment affirmed.