## Madisonville, Hartford & Eastern Railroad Co., et al. v. Thomas, et al.

(Decided May 1, 1912.)

### Appeal from Ohio Circuit Court.

1. Railroads—Negligent Construction of Embankment—Overflow—Injury to Crops.—The claim of damages asserted by appellees for the overflow of their lands and destruction of crops, having been caused, as alleged and the evidence conduced to prove, by the negligent construction of appellant's railroad embankment; it was properly held by the trial court that a previous recovery for the destruction of crops on the same land in the previous year, from the same cause, could not be relied on by appellants as a bar to the recovery in the last or present action.

2. Same—Recurring Recoveries.—Recurring recoveries may be had for recurring destruction of crops when such destruction is caused by the unlawful or negligent construction, merely, of the structure producing the injuries and the evidence shows that the overflow of the land by the water could have been prevented by providing, at reasonable expense, culverts or other openings therein for its escape.

BENJAMIN D. WARFIELD, CHAS. H. MOORMAN and GLENN & SIMMERMAN for appellants.

HEAVRIN & WOODWARD for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal is prosecuted from a judgment of the Ohio Circuit Court entered upon a verdict which awarded the appellees, Thomas and Neighbors, $200.00 damages for the destruction in 1910, by an overflow of water on the land of the former, of certain crops of corn, tobacco and vegetables grown and standing thereon and owned by appellees jointly; it being, in substance, alleged in the petition that the overflow complained of was caused by a seven-foot embankment, or fill, constituting the bed of the appellants' railroad, and which extends through the land in question and was by appellant so

negligently constructed, without culverts or other openings, as to obstruct and prevent the natural flow of the surface water and that of an adjacent stream, known as Rough River, when out of its banks, and cause it to back and stand upon the land in unusual quantities and so inundate it that the crops were destroyed.

The answer of appellants consists of four paragraphs. The first paragraph contains a traverse. In the second it is averred that the injuries to appellees' crops were not caused by appellants' railroad fill, but by unusual and excessive rains which fell during that season, the unprecedented high stage of the waters of Rough River and the unusually flat character of the land. The third paragraph contains averments to the effect that the road bed was constructed under the supervision of a competent and experienced civil engineer and according to the most approved modern methods of railroad construction. In the fourth paragraph it is alleged that the railroad fill is a permanent structure for which reason any inundation of the land of the appellee, Thomas, caused thereby and for which an action could be maintained, is in law an injury to the land, for which there could be but one recovery; and that as the appellee, Thomas, had in a previous action recovered a judgment in damages against appellants for the destruction of crops on the same land in 1909, resulting, as alleged, from an overflow thereof by water caused by the railroad fill, and there might have been in that case a recovery for any permanent injury to the land, the judgment obtained in that action, should be held to bar a recovery in the present action, consequently that judgment was made the basis of a plea of res judicata.

The affirmative matter of the answer was controverted by reply and on the trial evidence was introduced upon all the issues of fact raised by the pleadings. The jury was evidently of the opinion that the grounds of defense interposed by the first, second and third paragraphs of appellants' answer were not sustained by the evidence, and they were not permitted by the instructions to pass upon the issue made by the plea of res judicata. The damages awarded the appellee, however, were less than one half the amount claimed in the petition.

It is insisted for appellants that the trial court should have peremptorily instructed the jury to find for them. This contention rests on the grounds that the verdict is

not supported by the evidence; and that the railroad embankment is a permanent structure, therefore, the recovery for the crop destroyed on the land in 1909, bars any recovery for the loss of the crop in 1910.

Appellants' contention cannot prevail on either of the grounds urged. The cause of action, like that for the destruction of the crop in 1909, rests upon the ground that the loss of appellees' crops resulted from appellant's negligent construction and maintenance of the embankment; that is, because of their failure to make therein necessary culverts or other openings for the passage of the water through or under it, and appellees' evidence conduced to prove such negligence, therefore, it cannot fairly be claimed that the verdict is not supported by the evidence.

In Madisonville, Hartford and Eastern R. R. Co. vs. Graham, 147 Ky. 604, a case that seems to be on all fours with the one under consideration, we said:

"In L. & N. R. R. Co. vs. Orr, 91 Ky., 109; Hay v. City of Lexington, 114 Ky., 669; Richmond v. Gentry, 136 Ky., 319, and many similar cases, it was held that the structure being permanent and properly constructed, a recovery once for all must be had. On the other hand in City of Louisville v. Coleman, 22 Ky. L. R., 64; Klosterman vs. C. & O. Ry. Co., 22 Ky. L. R. 192; Finley vs. Williamsburg 24 Ky. L. R., 1338, and a number of subsequent cases, it was held that recurring recoveries might be had where the structure was unlawful or negligently built, and by reason of such unlawful or negligent construction injury was inflicted from time to time. In L. & N. R. R. Co. vs. Cornelius, 111 Ky., 752; Childers vs. L. & N. R. R. Co., 24 Ky. L. R., 2375; Stith v. L. & N. R. R. Co., 109 Ky., 168; L. & N. R. R. Co. vs. Brinton, 109 Ky., 180; M. H. & E. R. R. Co., vs. Thomas, 140 Ky., 143, and in cases therein cited, it was held that there was a negligent construction of the railroad if the company built a fill and did not leave such openings as were reasonably sufficient for the escape of the water that a person of ordinary prudence should anticipate from the rainfalls that may be reasonably expected to occur.

"In addition to this, there are cases where the trouble cannot be remedied at a reasonable expense; that is, where the cost of remedying it would be so great as to justify the Railroad Company in condemning the property and taking it under the power of eminent domain. In this character of cases there should be a recovery

once for all. In building a railroad the company may do its work so as to deflect a stream from its course, but this may be necessary in the construction of the road. So it had been held that if the trouble may be remedied at a reasonable expense, it may be regarded as temporary; but if the trouble cannot be so remedied it should be regarded as permanent; and this is a question for the jury. (L. & N. R. Co. vs. Whitsell, 125 Ky., 433; I. C. R. R. Co., vs. Haynes, 122 S. W., 211; L. H. & St. L. Ry. Co. vs. Roberts, 144 Ky., 820).

"But in cases like this where the trouble arises simply from the failure of the Railroad Co., to put in sufficient escapes for the water, such a principle can rarely be applied, and there is no foundation for it in the proof here. When the principle is applied, the plaintiff's action will not be barred if not begun within five years after the construction of the railroad, and the plaintiff has the right to maintain successive actions until the railroad company has acquired the right to maintain the structure as it is by having the damage assessed once for all.  *  *  *  There are also cases in which the parties have both treated the structure as permanent; and where they did this, the court also so treated it. (C. & O. R. R. Co. vs. Stein, 142 Ky., 520; M. H. & E. R. R. Co., vs. Wiar, 144 Ky., 206)."

We think it manifest from the weight of the evidence, that the injuries sustained by the appellees, were such as resulted from the negligent construction of the embankment, constituting appellants road bed, and that such injuries might have been prevented by the use of proper culverts or other openings in the embankment; moreover, that the embankment can yet be provided with the necessary culverts at a reasonable expense to the appellants. The question whether the destruction of appellees' crops was caused by the negligent construction of the embankment, was properly submitted to the jury by instruction No. 1, given by the trial court.

By instructions 2 and 3 the jury were, in substance, told that if the overflows, resulting in the destruction of appellants' crops were caused by extraordinary rains or floods of such unusual occurrence in that vicinity, that they could not have been anticipated or guarded against by a construction of the embankment with proper openings for passage of the water they should in that event find for the appellants.

While, in some respects, inaptly expressed, the in-

structions as a whole were not prejudicial to the appellants; and as appellants' defense of res judicata had no place in the case, its rejection by the trial court was not error.

The record manifesting no error that would authorize a reversal of the judgment, it is affirmed.