# DECISIONS

OF THE

# Court of Appeals of Kentucky

## WINTER TERM, 1914

### Shrout v. Chesapeake & Ohio Railway Company.

.(Decided January 16, 1914.)

## Appeal from Bath Circuit Court.

1. Waters—Overflow—Surface Waters—Injury to Real Property from Overflow—Damages Recoverable.—If an injury to real property, is caused by the wrongful act of a Railway Company in so erecting abutments, piers and embankments in bridging a creek as to obstruct the waters thereof and make them overflow and stand upon the property, the owner may recover of the Railway Company. the damages sustained thereby. If, in such case, the trouble can be remedied at a reasonable expense, the structure will be regarded as temporary, and the plaintiff may recover damages for each recurring overflow of his property from the same cause, as long as the structure remains in the same condition; but if the trouble cannot be remedied at reasonable expense it should be regarded as permanent, in which event there can be but, one recovery; and where there is an issue of fact as to whether a defect can be remedied at reasonable expense the question is one for the jury. Where, however, the structure causing the injury is treated by both the parties as permanent, the Court may so treat it; and in such case the one recovery must suffice.

2. Waters—Overflow—When Recovery May Be Had By One Not Owner of Property at the Time Structure Was Erected. —Accrual of cause of action.—Although the structure causing the overflow may have been erected before the title to the property was acquired by the person owning it at the time of the overflow, he may, nevertheless, recover damages for an injury

resulting from an overflow caused by such structure, occurring after he became owner; provided, it was not reasonably apparent to an ordinarily prudent person when the structure was erected, or at the time of his purchase of the property, that it would cause its inundation.

3.  Land—Not Required to Sue Until Injury Occurs or Becomes Reasonably Apparent.—A party is not required to sue for damages to his real estate resulting from a permanent structure, until it becomes reasonably apparent that he has suffered or will necessarily suffer such damage.

JOHN A. DAUGHERTY and C. W. GOODPASTER for appellant.

SHELBY & SHELBY and LEWIS APPERSON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was brought by the appellant to recover of the appellee damages for the inundation, in February, 1909, by the waters of Salt Lick and Mud Lick Creeks, of two lots owned by him in Salt Lick, Bath County, which greatly injured the lots and buildings thereon; it being averred in the petition that the overflow of the property in question was caused by the negligent acts of appellee in erecting concrete abutments and piers to support its railroad bridges over Salt Lick and Mud Lick Creeks, and embankments approaching same, in such a manner as to lessen the channels thereof and so obstruct and divert their waters from their natural channel and flow, as to cause them to back upon, and for several days cover, the lots.

Appellant filed three amendments to his petition, but before the filing of the first of these amended petitions appellee filed an answer containing a traverse of the allegations of the original petition. The purpose of the amendments was to make more specific the allegations of the original petition, and in the last one it was, in substance, alleged that the abutments and piers in and bridges over Salt Lick and Mud Lick Creeks, together with the embankments approaching same, were erected by appellee in 1906 and that, though appellant did not become the owner of the two lots described in the original petition until 1907, at the time of his purchase thereof and their conveyance to him, it was not known to his vendor or to him, nor could either of them, or any person of ordinary prudence, by reasonable diligence have discovered that the obstruction of the waters of Salt Lick and Mud Lick Creeks by appellee's abutments,

bridges and embankments mentioned, would at any time obstruct and cause the waters of those streams to back upon and overflow these lots during or following such rainfalls as could reasonably be expected in that locality. It was further alleged in the amended petition that the fact, that the erection and maintenance of these structures by appellee had depreciated, or would depreciate, the vendible value of his property, could not by reasonable diligence have been known to him or any person of ordinary prudence until the property was inundated by the flood of February, 1909. Appellee filed a demurrer to the petition as amended, which the circuit court sustained, and appellant failing to plead further, judgment was entered by the court dismissing his petition. From that judgment he prosecutes this appeal.

The demurrer was sustained upon the ground that, as appellant did not acquire title to the lots until after the completion by appellee of the abutments, piers and bridge approaches constituting the alleged obstruction of the waters of the two streams, the right of action for any depreciation in the vendible value of the two lots, caused by them, was not in appellant, but in his vendor, the then owner of the land. This view of the matter ignores the fact that the obstruction of the two streams by the abutments, piers and bridge approaches continued after appellant's acquisition of the title to the property; and also ignores the allegation of the petition, as amended, which, for the purposes of the demurrer, must be taken as true, that no sort of prudence or foresight would have enabled appellant or any other ordinarily prudent person to know at the time of his purchase of the property, and in the absence of such rainfalls as might reasonably be expected in that locality, that they had left insufficient spaces for the passage of the waters in those streams.

This case is a companion to that of Chesapeake & Ohio Ry. Co. v. Robbins, 154 Ky., 388; the only difference between them being that the appellee, Robbins, owned her lots, damaged by the same overflow, at the time the Railway company's abutments, piers and bridge approaches in and at Mud Lick and Salt Lick Creeks were constructed, as well as at the time of their inundation by the waters of the two creeks from the obstruction caused by the abutments, piers and bridge approaches. As the facts relating to the overflow of ap-

pellant's lots and the manner in which it was caused by appellee's abutments, piers and bridge approaches are fully set out in the opinion in the Robbins' case, it will be unnecessary to repeat them in detail here.

In the Robbins case the principal ground urged by the Railway Company for the reversal of the judgment recovered by Mrs. Robbins, was the circuit court's refusal of the peremptory instruction asked by it. The complaint as to the refusal of the peremptory instruction was based upon two theories: First, that there was no evidence to support the verdict; second, that the petition as amended failed to state a cause of action. With respect to the second of these theories we in the opinion said: "It is, however, insisted upon the second theory that as the abutments, piers and embankments, alleged to have caused the depreciation in the vendible value of appellee's property, are permanent structures and but one recovery can be had, the cause of action for the damages, if any, sustained by appellee, accrued upon their completion; the measure of recovery being the difference between the vendible or fair market value of the property just before it was known the structures would be made and such value immediately after they were completed; and that as the petition as amended does not in precise terms allege that the value of the property was at that particular time depreciated, appellee has no cause of action. It is true the case is one in which a single recovery must suffice, for the petition, as amended, alleges that the structures which caused the depreciation in value of appellee's property were and are permanent, and the pleadings as a whole showed it to be the purpose of both appellee and appellant to so treat them. Yet it is likewise true, and so alleged in the petition and amendments and shown by the appellee's evidence, that the fact that the erection of these structures depreciated the vendible value of her property could not by reasonable diligence have been known to her until the property was inundated by the flood of February, 1909, therefore, the right of action then accrued."

The foregoing conclusions apply with equal force to the instant case. It is apparent from the averments of the petition as amended, as well as from the answer filed by appellee before insisting upon its demurrer to the petition as amended, that both appellant and appellee have treated the structures which are alleged to have

caused the inundation of the former's property and the depreciation in its value, as permanent structures, which makes the case one in which but a single recovery, if any, can be had; and if, upon a trial of the case, appellant, in addition to proof of the inundation of his property and the injury sustained to it thereby, shall be able to prove that the depreciation, if any, in the vendible value of his lots caused by the structures complained of, could not by reasonable diligence have been known to him until their inundation by the flood of February, 1909, his right of action did not until then accrue.

If, in case of injury to property from a structure, the trouble may be remedied at a reasonable expense, the structure can be regarded as temporary; but if the trouble can not be so remedied, it should be regarded as permanent; and this is a question for the jury. M., H. & E. R. R. Co. v. Thomas, etc., 148 Ky., 131; M., H. & E. R. R. Co. v. Graham, 141 Ky., 604. But this is not a case of that character. Here both of the parties have treated the structures causing the injury to appellant's property as permanent, and it has been so treated by the court. This being so it must be controlled by the principles announced in C. & O. Ry. Co. v. Robbins, *supra;* Central Consumers Co. v. Pinkert, 122 Ky., 720; C. & O. Ry. Co. v. Stein, 142 Ky., 320; M., H. & E. R. R. Co. v. Weir, 144 Ky., 206; hence there can be but one recovery; and the measure of damages, in the event of a finding for appellant, should, as stated in the Robbins case, be the difference between the fair vendible value of his lots immediately before it became known in that locality that such rainfall as could reasonably be expected by prudent persons would produce such overflows, if they would produce them, and immediately after such information was generally prevalent in that locality, if it were so, not exceeding the amount claimed in the petition.

It is manifest that appellant's vendor never had a right of action for any injury to the lots from the erection of maintenance of appellee's abutments, piers and bridge approaches, for no such injury resulted until after they became the property of appellant, and he was not required to sue for damages to his lots, until it was reasonably apparent that he had suffered damages. They were not damaged until February, 1909, two years after he acquired title to them, and by the admissions of the demurrer he could not by reasonable diligence have

known that the structures complained of injured or depreciated the value of his property until it was inundated. I. C. R. R. Co. v. Haines, 122 S. W., 210 (not pub. in Ky. Repts.)

The opinion in C. & O. Ry. Co. v. Robbins being conclusive of this case, the circuit court erred in sustaining the demurrer and dismissing the petition. Judgment reversed and cause remanded for further proceedings in conformity to the opinion.