## Young, et al. v. Illinois Central Railroad Company.

(Decided May 31, 1927.)

### Appeal from Livingston Circuit Court.

1. Waters and Water Courses.—If embankment constructed by railroad across land of plaintiff suing for overflow on land caused by embankment was permanent structure, single recovery must be had for all damages caused by reason of embankment.

2. Waters and Water Courses.—In action for damages for overflow to land caused by construction of railroad embankment across land, embankment may be assumed to have been constructed according to recognized engineering principles, in absence of evidence to the contrary.

3. Limitation of Actions.—Where embankment constructed by railway across land stopped natural flow of water, ditch constructed on land by railway to drain off water could not be considered part of embankment without showing under what conditions it was constructed, and action for damages for negligent construction of ditch or failure to maintain same could not be maintained after time for bringing suit from time of first injury had lapsed.

4. Vendor and Purchaser.—Plaintiffs suing for damages to land by construction of embankment by railroad and ditch, who purchased land with knowledge of existence of condition of embankment and ditch which had ceased functioning for many years and who were not misled by reason thereof, held not entitled to recover damages caused by embankment or ditch which had been continuing for many years prior to purchase.

FERGUSON & WELLS for appellant.

C. H. WILSON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellants Mrs. Nora Young and Mrs. Phura Wood are the owners of a tract of land in Livingston county, Ky. Appellee's line of railroad runs through their land. Many years ago the natural drainage from about six acres of appellants' bottom land on Cumberland river was down the river parallel with the river. The appellee constructed a fill across the land now owned by appellants about 33 years ago, and the embankment thus raised stopped the natural flow of water down the river and parallel with it. No opening was left in this fill or embankment through which the water from this six acres could drain. When the embankment was made a ditch was dug by the railroad along the upper side of said embankment from the low land of appellants to the river so that the water might flow through the ditch and drain the six acres of land complained about. This ditch was dug at the time the embankment was made. The ditch was never maintained or kept open by appellee or any one else, and as a result thereof it filled up with debris, dirt, bushes, saplings, and other undergrowth, which obstructed the ditch. This obstruction has existed for many years. The appellants became the owners of this land about 1918. They filed this suit to recover damages from appellee by reason of the overflow of their land caused by said embankment.

Appellee denied all of the allegations of the petition and interposed a plea of limitation and the further plea that at the time appellants purchased the land the ditch was not in use and that they knew it had been obstructed for many years at the time of their purchase.

The ditch is not on the right of way of appellee, but is on the lands now owned by appellants. When the case came on for trial the evidence in behalf of appellants was heard by the jury, when the court on the motion of appellee instructed the jury to return a verdict for appellee.

The evidence shows that the natural flow of the water before the construction of the embankment by appellee was down the river and parallel with it; that the construction of the embankment stopped the natural flow of the water and that those engaged in working for the appellee dug a ditch to carry away the water to the Cumberland river, and that the ditch so dug is wholly located on the land of appellants. The ditch was the only means of draining appellants' land after the natural flow of the

water had been stopped by the embankment. Appellee did not keep or maintain the ditch after it was dug, and it is now so obstructed that under ordinary conditions it will not drain the land, and for that reason the land remains too wet for cultivation. The land would be productive if properly drained.

It is urged by counsel for appellants that after the evidence showed the obstruction of the ditch and the damages resulting therefrom, the burden was on appellee to show that the matter could not be remedied at a reasonable cost. This contention is sound if the evidence shows any duty on the part of the appellee to maintain the ditch or to provide some means for draining the land of appellants.

It is necessary to first determine the nature of this action and the principles of law governing it before attempting to apply any of the cases cited in the briefs to the particular facts. If the embankment constructed by appellee was a permanent structure, the rule is that a single recovery must be had for all damages caused by reason of the structure. The case of L. & N. R. R. Co. v. Bennett, 196 Ky. 679, 246 S. W. 121, was intended to cover all cases arising out of facts such as are disclosed by the evidence in this case. The first principle announced in that case is that a single recovery must be had for all damages resulting from a permanent structure properly built. The evidence in this case does not show that the embankment was not properly built, and we may assume that it was constructed according to recognized engineering principles, as there is nothing in the evidence appearing to the contrary. The second principle announced in the Bennett case is that for a structure unlawfully or negligently constructed, damages may be recovered as the injuries occur. The third principle is that for a temporary structure recurring recovery may be had as the injuries occur. The fourth principle is that whether the structure was negligently constructed is a question for the jury under the evidence if the evidence is conflicting. There is a fifth principle announced in the Bennett case, and that is that although the structure was permanent and negligently constructed, yet if it cannot be repaired or remedied so as to avoid the recurring injuries at a reasonable expense, or where the expense of repairing or remedying would be so great as to

authorize the railroad company in the exercise of its right of eminent domain to condemn the property so injured by the negligent structure, then only one recovery can be had.

Appellants rely on the case of Honaker v. C. & O. Railway Co., 209 Ky. 576, 273 S. W. 81. The Honaker case was one of negligent construction. In that case drain pipes had been placed under the fill, but on account of insufficient grating the drain pipes did not allow the water to flow through the pipes under the fill, and because thereof the land adjacent to the fill was overflown. It was properly held in that case that damages might be recovered for the recurring injuries. The case would have been different, however, if there had been no attempt to provide for the drainage of the water under the fill. If there had been no such drainage provided, the structure being permanent, it would have been necessary for the landowner to recover all of his damages in one suit, which should have been instituted within the time provided by law in such cases.

The instant case cannot be brought within the rule of the Honaker case, supra, unless the digging of the ditch should be considered as a part of the construction of the embankment. Certainly it cannot be so considered under the facts appearing in this record. The ditch was not on the right of way of appellee and therefore it had no control of it and no duty touching it unless under some form of contract or agreement made with the owner of the land at that time. If the landowner at that time was damaged he may have instituted suit to recover damages before he was barred by limitation, and in one action he could have recovered the entire damages caused to his land. The time in which such a suit may have been instituted had expired many years before appellants became the owners of the land. There is no testimony in this record showing under what conditions the ditch was constructed. So far as this record is concerned appellee may have been a trespasser without any right and may have dug the ditch for the sole purpose of keeping the water off of its right of way. We may as well infer that as that it dug the ditch under authority and then wrongfully failed to maintain it. Again, we might infer that appellee paid the landowner for such damages as he sustained at the time, and that the digging of this ditch was a part of the compensation for the damages to the land, and if

such was true no cause of action would exist. It was more than 30 years after the ditch was dug before any one conceived the idea of bringing suit for damages. We might infer that the landowner agreed that he would maintain the ditch if appellee would first dig it, but there is nothing in the record upon which to base any such inferences, and neither is there anything in the record from which an inference could be drawn that appellee undertook or agreed to maintain the ditch. The record is silent, and after the long lapse of time, without any evidence showing what arrangements there were, if any, between the landowner and appellee at the time the ditch was dug, there was no evidence for the jury to consider which would authorize a verdict against appellee.

There is no proof to show that the condition of the ditch changed in any way after appellants purchased the land. It was not functioning when they acquired the land, and we conclude from the evidence that it had not been draining the land for many years. Appellants purchased the land with knowledge of the existence of the condition of the embankment and the ditch, and there is nothing in the evidence to show that they were in any way misled, or that they did not receive a reasonable reduction on the price of the land by reason of the existence of these conditions. If this is true they would not be entitled to recover damages caused by the conditions which they knew about when they purchased the land and which damages had been continuing from year to year for many years prior to their purchase. Payne, Agent, v. Smith, 198 Ky. 564, 249 S. W. 995. There is nothing in this record showing that appellants had any expectation that appellee would maintain the ditch so it would drain the land at the time they purchased it, and there is nothing in the record upon which they might have based any such expectation.

Judgment is affirmed.

Whole court sitting.