## Dugan v. Long.

(Decided May 27, 1930.)

512

H. H. HUFFAKER, WILLIAM MARSHALL BULLITT and JOHN R. MOREMAN for appellant.

BURKE & LAWTON for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

On March 30, 1909, the appellant, Thomas S. Dugan, purchased a lot on Lexington road in the suburbs of Louisville and erected a residence thereon. In December following, the appellee, Mrs. Gulnear Baker Long, acquired the adjoining lot and built a residence on it. Her lot was lower than that of Dugan's, and the surface water in its natural course flowed off his lot onto and over it. During October and November, 1910, appellee filled in and raised the grade of her lot so that its level was higher, and thereby obstructed the natural flow of the surface water and caused it to accumulate and flood appellant's lot after each heavy and unusual rainfall. On occasion it formed a pool of large dimensions.

The appellant's petition stated the foregoing facts and charged that they caused "permanent damage" to his lot in the sum of $10,000, for which he sued. In a second paragraph it was alleged that the defendant had also caused to be constructed a culvert in front of her lot near the division line in such manner as to prevent the water freely draining over and through it, resulting in its accumulation over the entire width of the Dugan lot and over his driveway and thereby causing "great and permanent damage" to that lot in the sum of $2,000.

The suit was filed October 13, 1925, but no material steps were taken until March 12, 1927, when an answer was filed traversing the allegations of the petition, except as to the ownership of the property. A year elapsed, when an amended answer was filed pleading that the grading of the defendant's lot and construction of the culvert were permanent improvements, completed and existing for more than ten years before the commencement of the action, and that any cause of action by reason thereof was barred by the statute of limitation. In another paragraph, facts were alleged and pleaded as an estoppel. Demurrer to the amended answer was overruled. Plaintiff tendered amended petitions in which he adopted and reaffirmed each and every allegation of his original petition, and in addition pleaded that the work and grading on the defendant's lot was done in an improper, careless, unlawful, and negligent manner, in that it provided no means of disposing of the natural flow of water, etc., and that, by reason of such negligent construction, the water was caused to collect on his lot.

The court refused to permit the filing of these amended petitions, which was equivalent to sustaining demurrers to them. Shuey v. Hoffman, 224 Ky. 765, 7 S. W. (2d) 202. The plea of estoppel and facts relied on were controverted of record. Plaintiff offered to file a reply denying that the acts complained of in his petition were permanent improvements and that his cause of action was barred by limitation. He repeated in this reply, in substance, the allegations set up in his amended petitions. The filing of this pleading was also refused.

The case coming on for trial, the plaintiff proved the filling in and raising of the defendant's lot and the obstruction of the natural flow of water with the resulting conditions described in his petition. He established in detail damage to the use of his property, and expressed the opinion that its salable value was reduced 25 to 50 per cent., or about $7,500. He had expended several hundred dollars from time to time in having debris and mud removed from his lot and in having his septic tanks and pipes emptied and cleaned. He admitted that no effort had been made to raise the grade of his own lot, which he says was because the ground around him was higher and filling it in would not relieve the condition. At the conclusion of the plaintiff's evidence, the court peremptorily instructed the jury to find for the defendant.

We may eliminate consideration of the claimed errors which relate to the construction of the culvert and its effect, for it is conclusively shown by the evidence that this was built at a point 8 feet out in the roadway. Our attention is to be directed to the claimed errors respecting the case as it related to the filling in of the defendant's lot and the consequent stopping up of the natural channel.

As stated in the leading case of Pickerill v. City of Louisville, 125 Ky. 213, 100 S. W. 873, 30 Ky. Law Rep. 1239, in this state, we have adopted the rule of the civil law in respect to cases of this kind. That rule or doctrine is that a lower estate is subject to the easement or servitude of receiving the natural flow of surface water from the upper estate, and, if this proves to be an inconvenience, in the nature of the case, it is unavoidable and the owner of the lower ground has no right to erect embankments or create other obstructions by which the natural flow of surface water is stopped or caused to back up on or overflow the upper ground.

The petition and offered amendments are to be considered as describing a permanent condition, as in fact the evidence introduced in behalf of the plaintiff proved it to be. If such a permanent structure results in the character of actionable damage for which there must be a recovery once for all, then the ruling of the court in refusing the filing of the amended petitions becomes immaterial so far as they sought to plead negligence, and proper so far as they sought to avoid the effect of the statute of limitation, for plaintiff's own pleading showed the time at which the statute began to run, namely, on the completion of the work, which was fifteen years, lacking one month, before the institution of the suit.

A permanent structure of this character is defined as one which may not be readily remedied, removed, or abated at a reasonable expense, or one of a durable character evidently intended to last indefinitely, costing as much to alter as to build it in the first instance. City of Richmond v. Gentry, 136 Ky. 319, 124 S. W. 337, 136 Am. St. Rep. 255; L. & N. R. Co. v. Conn, 179 Ky. 478, 200 S. W. 952; C. & O. Ry. Co. v. Coleman, 184 Ky. 9, 210 S. W. 947; L. & N. R. Co. v. Bennett, 196 Ky. 679, 246 S. W. 121. A railroad fill or embankment obstructing a roadway or water course has been held to be of a permanent nature. L & E. R. Co. v. Hargis, 180 Ky. 636, 203 S. W. 525; M., H. & E. Ry. Co. v. Thomas. 140 Ky. 143, 130 S. W. 975. The argument of appellant's counsel that the court erred in failing to permit the plaintiff to raise an issue as to the permanent or temporary character of the filling of the defendant's lot is of no avail, for nowhere does he allege facts showing the improvement to be other than permanent. When both parties treat the structure as permanent, the court will also so treat it. Central Consumers Co. v. Pinkert, 122 Ky. 720, 92 S. W. 957, 29 Ky. Law Rep. 273, 13 Ann. Cas. 105; Shrout v. C. & O. Ry. Co., 157 Ky. 1, 162 S. W. 97; C. & O. Ry. Co. v. Robbins, 154 Ky. 387, 157 S. W. 903. And, where there is no room for doubt as to the permanency of the structure, it is as a matter of law to be considered such, and there is nothing to submit to the jury. L. & N. R. Co. v. Bennett, 207 Ky. 776, 271 S. W. 71; Golden v. L. & N. R. Co., 228 Ky. 134, 14 S. W. (2d) 379.

It is well established that for damages arising from a properly built and permanent structure there must be one suit and one recovery once for all—past, present, prospective, or contingent. Recent cases so holding are

L. & N. R. Co. v. Conn, supra; Young v. I. C. Ry. Co., 220 Ky. 322, 295 S. W. 156; Walter v. Wagner, 225 Ky. 255, 8 S. W. (2d) 421; and Golden v. L. & N. Ry. Co., supra. Appellant concedes this rule, but says, where the structure has been improperly or negligently built, recurring damages may be recovered, and he insists the court erred in preventing him from pleading, and therefore proving, such negligence, thereby bringing his case within the asserted rule.

We have in this case a permanent fill or embankment in the construction of which no attempt was made to provide for the drainage from the upper lot. The plaintiff in his original petition had described it as such and asked a recovery for permanent damages. His proffered amendment specifically reaffirmed all those allegations and merely alleged negligence in the construction of the fill, which negligence was stated to have consisted in the failure to provide for the flow of water—not that there was an effort made to do so which did not accomplish its purpose by reason of an insufficient arrangement or negligence in maintaining the provision which was made. In restating the rules of law applicable to cases of this kind in Young v. I. C. R. Co., 220 Ky. 322, 295 S. W. 156, 157, it is declared that it may be assumed, in the absence of evidence, that the embankment was constructed according to recognized engineering principles.

A review of the decisions of this court discloses two lines of cases dealing with permanent structures between which a distinction is to be recognized, viz.: (1) Where the obstruction has been erected without any provision whatsoever for taking care of the natural drainage; and (2) where an attempt was made to permit the escape of the water, but the arrangement was inadequate or negligently made or maintained. Thus it is said in the Young case:

"Appellants rely on the case of Honaker v. C. & O. Railway Co., 209 Ky. 576, 273 S. W. 81. The Honaker case was one of negligent construction. In that case drain pipes had been placed under the fill, but on account of insufficient grating the drain pipes did not allow the water to flow through the pipes under the fill, and because thereof the land adjacent to the fill was overflown. It was properly held in that case that damages might be recovered for the recurring injuries. The case would have been dif-

ferent, however, if there had been no attempt to provide for the drainage of the water under the fill. If there had been no such drainage provided, the structure being permanent, it would have been necessary for the landowner to recover all of his damages in one suit, which should have been instituted within the time provided by law in such cases.''

In the first class of cases the basis of the action is the absolute disregard of the rights of the owner of the upper land and the consequent depreciation in the value of that property. In the second class, the right of action is founded on negligence or the absence of due care to protect fully the rights of the owner of the upper lot; hence, whenever injury is sustained by reason of that negligence, a distinct cause of action arises.

Cases coming within the first class where no plea of negligence was interposed are legion. Illustrative of those of this class where there was a claim of negligent construction, but which claim did not change the application of the rule as to the measure of damage or finality of a judgment, are Coleman v. L. & N. R. Co., 190 Ky. 17, 226 S. W. 360; I. C. R. Co. v. Nelson (Ky.) 127 S. W. 520; Central Consumers Co. v. Pinkert, 122 Ky. 720, 92 S. W. 957, 29 Ky. Law Rep. 273, 13 Ann. Cas. 105; M., H. & E. R. Co. v. Wiar, 144 Ky. 206, 138 S. W. 255.

There was no pleading of facts, nor disclosure by the evidence, to take this case out of this class nor the rule as to a recovery of damages once for all. Indeed, as in the Central Consumers case, supra, having sued for a permanent injury, it must be understood that the plaintiff elected to regard the case as one of this character. The plaintiff's cause of action was therefore clearly barred by the statute of limitations, for the grading of defendant's lot was completed fifteen years before its institution. City of Richmond v. Gentry, supra; Coleman v. L. & N. R. Co., supra.

No error prejudicial to the substantial rights of the plaintiff was committed by the trial court, and the judgment is therefore affirmed.