CASE 30—INDICTMENT—APRIL 21.

# Chesapeake & Ohio Railway Co. v. Commonwealth.

### APPEAL FROM BOYD CIRCUIT COURT.

1. RAILROADS—FAILURE TO STOP AT CROSSING.—The fact that one railroad company operates and controls, as lessee, all trains which

run over two lines of railroad at the point where they cross each other, does not relieve it from liability under a statute which requires all railroad trains to be brought to a full stop at least fifty feet before getting to where they cross the tracks of another railroad, and fixing a penalty for failure to do so.

WADSWORTH & COCHRAN for appellant.

1. The indictment does not charge that the appellant operated any train over any crossing, and the agreed statement of facts does not show it.
2. The appellant had a right to operate and cross its own tracks in its own yard, and the statute does not apply to such a case.

W. S. TAYLOR for appellee.

1. It is immaterial under the express terms of the statute that both railroads are operated by the same company.

JUDGE PAYNTER delivered the opinion of the court.

The indictment is under a statute which reads as follows: "That whenever railroads cross each other in this State the trains shall be brought to a full stop at least fifty feet before getting to the crossing: *Provided however*, that the provision of this act shall not be applicable where the crossing of such roads are regulated by derailing switches or other safety appliances which prevent collisions at crossings nor when a flagman or watchman is stationed at such crossings and signals that the trains may cross in safety."

On a former appeal of this case this court held the indictment was good.

The Elizabethtown, Lexington & Big Sandy Railroad Co. owns a line of railway running east and west through Catlettsburg, Ky. The Ohio & Big Sandy Railroad Co. also owns a line of railway running east and west through the same town. These roads are leased by the Chesapeake & Ohio Railway Co., which operates freight and passenger trains

on both lines of railroad, and at a point about fifty yards west of the freight and passenger station in Catlettsburg the two lines of railroad track intersect and cross each other. There is no derailing switch or other safety appliance to prevent a collision at the crossing, nor is there a flagman or watchman stationed at the crossing or signals that the trains may cross in safety. The defendant failed to bring its east-bound passenger and freight trains operated by it on and over the railroad tracks to a full stop at a point at least fifty feet before getting to point of intersection and crossing of the tracks.

It is contended there was no violation of the statute because the Chesapeake & Ohio Railway Co., as lessee of both roads, operated all the trains which were run over them. As a matter of fact no trains are operated by the Elizabethtown, Lexington & Big Sandy Railroad Co. or the Ohio & Big Sandy Railroad Co. over their respective tracks. They are exclusively used by the Chesapeake & Ohio Railway Co.

The statute was intended, in so far as possible, to prevent collisions at points where railroads cross each other. It is a fact that the railroads cross each other in Catlettsburg. Trains are operated by defendant over each of such railroad tracks and pass over the crossing in question.

While we recognize the danger of collision is greatly lessened by the defendant operating the trains which pass over the crossing, yet this does not alter the fact that trains which pass over the Ohio & Big Sandy Railroad Co. track and those which pass over the Elizabethtown, Lexington & Big Sandy Railroad Co. track pass over the crossing and a collision is possible unless safety is secured by the observance of the provision of the statute.

The judgment is affirmed.