CASE 37—ACTION BY ALBUR J. STEIN AGAINST THE
CHESAPEAKE & OHIO RAILWAY COMPANY FOR
DAMAGES TO PLAINTIFF'S PROPERTY BY THE
CONSTRUCTION OF THE RAILROAD.—March 5.

# Stein v. C. & O. Ry. Co.

Appeal from Lewis Circuit Court.

Judgment for defendant. Plaintiff appeals—Reversed.

1. Railroads—Right of Way in Street—Rights of Public.—The
right of a railroad company under an ordinance granting it
the right to build its road in a public street is only equal to,
and is not in extinguishment of, the public's right to use the
street for ordinary travel.

2. Eminent Domain—Property Subject to Appropriation—Streets—
Additional Servitude.—A railroad on a public street is not an
additional servitude, and therefore the owner of abutting land
is not entitled to additional compensation when a railroad
builds upon the street, if the railroad is prudently operated,
but, if the railroad occupy the whole street to the exclusion
of all others, it becomes a different burden from that con-
templated in the original condemnation, and the owner of the
abutting property is entitled to compensation for the injury
resulting from such undue appropriation.

3. Highways—Obstruction—Public Nuisance.—The occupation of
a public highway to the exclusion of all other people is a
public nuisance.

4. Railroads—Right of Way in Streets—Effect of Grant.—Where a
railroad company is granted the right by a city to lay its
tracks on a public street, it may do so only in so far as not
to destroy or unreasonably impair the public use of the street
as a highway, and the conditions imposed by the city upon
its grant may be such as are for the benefit of the abutting
property holders or for the general public or for both, and
an ordinance granting the right to a railroad company to
lay its track on a street, which provides for the grading and
planking of the street and for the keeping of the street

crossings in thorough repair by the company, are for the benefit both of the public and for the abutting property holders.

5. Railroads—Right of Way—Use of Streets—Remedies Against Companies.—Where a railroad company occupies a public street under an ordinance imposing conditions protecting the right of the general public and abutting property holders for infringement upon the right of the public, the company is liable to a prosecution for maintaining a nuisance as well as an action to compel the observance of the conditions of the ordinance, and the abutting property owners may bring actions for damages for a violation of the conditions of the ordinance made for their benefit.

6. Municipal Corporations—Rights of Abutting Owners in Streets. —Lot owners have an easement in the street fronting their property of a reasonable ingress to and egress from their lot both on foot and with vehicles, and are entitled to have the street maintained as a street for the use of their properties, and the city cannot cede the right to a railroad company to use the street exclusively for its purposes.

7. Eminent Domain—Property Subject to Compensation—Easement—"Taking."—The injury of an easement of a property owner in the street fronting his property by a railroad company is the taking of private property for public purposes for which compensation must be made under Const. section 242, providing that an injury to property by a corporation in the exercise of the right of eminent domain is the taking of such property for which compensation must be made to the owner.

8. Easements—Nature of Right—"Property."—An easement is property.

9. Limitation of Actions—Successive Actions.—The injury to an abutting property owner from the failure of a railroad company to place in proper repair a street on which it has built its railroad, being merely a temporary injury which can be abated at any time by putting the street in condition for travel, successive actions for the injury may be maintained until the injury has been abated by placing the street in proper condition, and the fact that the actions for the earlier injuries are barred by limitations will not affect the bringing of actions for later injuries.

10. Judgment—Bar of Causes of Action—Successive Causes of Action—Continuing Infringement of Rights in Street.—A suit by an abutting property owner against a railroad company for failure to keep in proper repair a street on which it has built its road is not barred by a suit brought by a former owner

of the property to recover for similar injuries, the injuries being continuing in their nature, and because of changes made by the railroad company in its tracks; the later injuries being greater than those complained of by the former owner.

11. Railroads—Remedies of Owners of Property—Admissibility of Evidence.—In an action by an abutting property owner. against a railroad for failure to put in proper repair a street on which it had built its road, evidence that another street was recently opened, parallel with the one occupied by the railroad company, affording plaintiff a safer and better way to his property, was inadmissible, as plaintiff was entitled to his easement in the street on which his property abutted, and the fact that he had obtained an easement in another street was immaterial.

12. New Trial—Grounds—Formation of Opinion by Juror.—A juror on his voire dire declared that he had not formed nor expressed an opinion concerning the merits of the case, but appellant learned, after the juror had signed and returned the verdict and the jury were discharged, that such declaration was false. Held, that a new trial should have been granted.

DINKLE & PRITCHARD, S. J. PUGH and W. C. HOLBERT, for appellant.

WORTHINGTON, COCKRAN & BROWNING, for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellant, who was plaintiff in the court below, is the owner of four lots, with dwellings on them, on the south side of Third street in Vanceburg, and one on the north side. This action was for injuries to that property from the construction, maintenance, and operation of appellees' railroad along Third street, on a different grade, and in a different manner, and to an increased extent, from that authorized by the ordinance of the town council granting the right of way along the street. There was a verdict for the defendants.

The railroad was built originally in 1888. The lots were then owned by one Darrow, who in 1893 sold and conveyed them to appellant. Prior to that sale Darrow had sued appellees for a similar infringe- ment of the ordinance, in which it was claimed his property was damaged. That suit was compromised and settled. In 1904 this suit was filed by appellant claiming an additional encroachment upon the use of the street by the railroad companies, so as to entirely destroy it as a highway. It was alleged that the prop- erty owned by appellant and fronting on the street was damaged materially in consequence of the acts complained of.

The ordinance granting appellees the right of way along the street contained this condition:

"(1) That in all cases where it is rendered neces- sary by the construction of said track, the said com- pany shall make suitable crossings of all streets and alleys upon or over which said road shall run, and in a proper and convenient manner fill and grade the same to conform to said crossings, and that all that portion of Third street lying between alleys Nos. 1 and 4 shall be by said company filled and graded to conform to the grade of said road, and paved and planked the entire width of said street, that is, from curb to curb, and keep same in thorough repair, the cutting and crossing of said streets and alleys and the planking or paving aforesaid by said company to be done under the supervision and to the satisfaction of a committee to be appointed by the council.

"(2) The said company shall keep the crossings, the space within the tracks and for two feet on each side thereof outside the tracks, in thorough repair, and whenever said streets and alleys are cut down or torn up by said company in repairing its tracks or con-

structing its road, the said company shall restore the same without delay in good condition and in like manner and with material as before."

The grant was to build a double track railway along and within the street. Appellant's lots are between alleys No. 1 and No. 4 on Third street. The tracks take up about all the street between the pavement curbings; it is elevated from two to four feet above the original street level; it is not planked or filled in between the rails and on the outside of the rails so as to provide a suitable or safe usable highway for vehicles; it has been raised a little from time to time until there has been an encroachment of 18 inches during the past five or six years, according to the testimony of appellant's witnesses; additional sidings have been laid in the street in front of appellant's lots; a signal system has been installed in the street by appellees, which requires cement posts about two feet high to be set in the street at intervals along the track, and along or near the top of these posts a pipe is run, which contains or constitutes apparatus for operating the switches and other signals; switches have been changed, removed to other points, and the targets and towers enlarged—is appellant's contention. Much of this is disputed by appellees. But the fact seems to be conceded that the street is not fit for travel by vehicles because of the obstruction by the tracks, and that they are purposely left in that condition by the railroad company because if the street should be traveled it would be an exceedingly dangerous way for the travelers, entailing greater caution on the part of the railroad operatives, or death and injury on the travelers and their horses. It is conceded, too, that the street has not been and is not now planked or otherwise graded.

up to the rails and between them so as to admit of travel on the street by vehicles. It is the contention of appellees (1) that the ordinance gives no right to the lot owners; (2) the injury to this property was a single damage, and must have occurred when the road was first constructed in 1888, hence it is now barred by limitation; and (3) that it was all settled in and concluded by the settlement of the Darrow suit.

The precise extent of the powers conferred upon the Maysville & Big Sandy Railroad Company, in its charter granted by the Legislature before the War have not been brought to our attention. That company built this road. It may be assumed that the company was authorized to obtain rights of way, even including the way over or upon public streets, when necessary. But it has not been claimed that the railroad company was given the power to appropriate a city street to the exclusion of the public, and we doubt if it were competent for the Legislature to have granted such power. Assuming that the company had the power to acquire a right of way over the city's streets as might be granted by ordinance of the city, still the right of the railroad was only equal to, or at least not in extinguishment of, the public's use of the street for the purpose of ordinary travel. In this state it is held that a railroad upon a public street is not an additional servitude, but is included in the purpose of the original dedication of the land for the public use as a highway. Lex. & O. R. v. Applegate, 8 Dana, 289, 33 Am. Dec. 497; Fulton v. Short Route Ry. & Transfer Co., 85 Ky. 640, 4 S. W. 332, 9 Ky. Law Rep. 291, 7 Am. St. Rep. 619. This is because, and only because, it was deemed that the railroad was doing some part of the same thing which the general public had acquired the right to do by the original

dedication, namely, to haul passengers and goods upon
the highway; that the means of hauling the traffic
were not intended to be regulated by the grant; but
that it was the traffic that was to be considered.
Hence it is held that the owner of the abutting land is
not entitled to additional compensation when a rail-
road builds upon the street or highway, if the railroad
is prudently operated. L. & N. R. R. Co. v. Orr, 91
Ky. 109, 15 S. W. 8, 12 Ky. Law Rep. 756; K & I.
Bridge Co. v. Gregory, 13 Ky. Law Rep. 878; L. S.
R. Co. v. Hooe, 35 S. W. 266, 38 S. W. 131, 18 Ky.
Law Rep. 521. But no one has the right to occupy
the whole of a public highway to the exclusion of all
others. To do so is a public nuisance. In addition,
it would manifestly be an additional burden or rather
a distinct burden from that contemplated in the orig-
inal grant or condemnation. Being such, the owner
of the fee of the abutting property ought to be com-
pensated for his property taken by the railroad com-
pany, which includes injury to the adjacent property
by reason of the undue appropriation. Lewis, Emi-
nent Domain, 351; Id. preface, p. 1; Cooley, Const.
Lim. (6th Ed.) 666; In re City of Buffalo, 68 N. Y.
167. When the railroad company is granted the right
by the city to lay its tracks upon a public street, it is
contemplated that it may do so only in so far as not
to destroy or unreasonably impair the public use of
the street as a highway. Conditions imposed by the
city upon its grant may be such as are for the benefit
of the abutting property holders, or for the general
public, or for both. The condition imposed in the
ordinance before us is we think of the latter descrip-
tion. For not only had the general public the right
before as well as after the grant to use the street for
purposes of travel, but the abutting property owners.

had the additional right to use it as a means of ingress and egress to and from their premises. For an infringement upon either right those injured have such redress as the law gives: To the public, a prosecution for the maintaining of a nuisance, as well as an appropriate action by the public authorities to compel an observance of the condition; to the abutting owners, an action for damages for a violation of the condition, which was one of the terms of a contract made for their benefit, and upon which they may maintain each his suit if aggrieved by a breach of the condition. But the right of owners of the adjacent lot to maintain their separate actions may be rested upon a broader principle than that of being merely beneficiaries of the contract made between the city and the railroad company with respect to the grant of the right of way along the street. The lot owners owned an easement in the street fronting their property different from and in addition to the rights of the general public. It was that of reasonable ingress and egress to and from their lots from that street, not only upon foot, but by vehicles. It was also to have the street maintained as a street for the use of their properties. The city was without power to cede the street to a railroad company for its exclusive use even if it had attempted to do so. In re City of Buffalo, 68 N. Y. 167; Detroit City R. Co. v. Mills, 85 Mich 634, 48 N. W. 1007. In this case the city granted merely a right of way along the street for the laying of the railroad tracks to be used in running trains upon them. But, independent of the condition imposed in the ordinance containing the grant, the railroad company must so use its right as not to unreasonably interfere with the property rights of the owners of the abutting lots. If the railroad com-

pany failed to keep and maintain the street occupied by its tracks in proper condition and repair to admit of its use for the purpose of a highway, not only were the public aggrieved, but, as the property rights of the owner of the abutting lots were thereby infringed, he had his right of action. That action depended not alone upon the contract between the railroad company and the city, but grows out of the fact that by maintaining that condition the railroad company was taking his property. The injury to a property right in such instance is the "taking of private property for public purposes." An easement is property. Eaton v. Boston, etc., R. Co., 51 N. H. 504, 12 Am. Rep. 147. By section 242 of the present Constitution of this state an injury to property by a corporation in the exercise of the right of eminent domain is the taking of such property, for which compensation must be made to the owner. Nor is it material whether the injury be a permanent one, or one that may be remedied, or be intermittent. It is none the less the taking of that much of the property of the abutting owner. If a part of the value of the property was taken when Darrow owned it, he was entitled to the compensation. If more was taken after appellant became the owner, he is entitled to the compensation for the part taken from him. As the city could not cede the street, and did not, if the railroad company exceeded its authority in appropriating it for railway purposes, such excessive use may be abated, if it could be by putting the surface of the street in fit condition for travel. Such excessive use as may be remedied is therefore a temporary one, and for the damages to the abutting property which flows from it successive actions may be maintained until the nuisance is abated.

As to the second ground: A railroad is a "permanent" structure, as that term is used in law. But it does not follow that the failure of the owner of the road to maintain a crossing which it had agreed to do as a condition of a grant of right of way is also a permanent thing, or is included in the building of the road originally omitting to build the crossing. Chicago, St. L. & N. O. R. R. Co. v. Wilson, 76 S. W. 138, 25 Ky. Law Rep. 525; Wilson v. Illinois Central R. R. Co., 92 S. W. 602, 29 Ky. Law Rep. 170. By the same reasoning it must follow that the observance of any other condition concurrent is not to be deemed as permanently destroyed, if it be not performed for a considerable while. A condition to pay so much annually for the use of a right of way would not become extinguished by the mere failure to pay for any particular period. While installments for some years have become barred by limitation or otherwise, still for the succeeding years the original grant is a sufficient basis upon which to recover for them. So in this case. The condition imposed in the ordinance and accepted by the original company was in the nature of a consideration for the use of the street. It was a continuing consideration, and is due as much today as the first day the street was occupied. While the failure in past years may not now be actionable because settled for or barred by limitation, the failure for these years not so barred or settled is the subject of coercive litigation, or an equivalent in damages.

As to the third ground: The argument is that, inasmuch as the wrongful appropriation of the street by the character of the grade adopted when the railroad was built and the failure to then place the street surface in fit condition for travel a permanent

situation, all damages which flowed from that char-
acter of construction were then recoverable under
the authority of L. & N. R. R. Co. v. Orr, 91 Ky.
109, 15 S. W. 8, and being so the suit of Darrow for
the damages to this property must be deemed as hav-
ing brought forward then the whole claim, and that
its settlement settled the entire damages to this prop-
erty, immediate and prospective. As to the eleva-
tion of the track grade as first established and the
damages resulting from that fact, we think the
proposition advanced is true. But upon the princi-
ple discussed under the last head the failure to main-
tain a suitable way for travel upon whatever grade
adopted was not embraced in the first suit. The fail-
ure to plank or furnish a level surface between and
along the tracks is not a permanent thing, and cannot
be till time ceases, or the railroad is abandoned.
Everybody knows that street surfaces wear out, and
must be renewed frequently. The ordinance in ques-
tion expressly provides for such conditions. Rail-
roads and streets may be permanent things; so may
be their grades. But keeping them in repair is essen-
tially a transient act. Done today, it must soon be
renewed; omitted now, it may be done later; neglected
for a while, it may be repaired after awhile. The
failure to keep in repair prior to 1893 may have dam-
aged the adjacent property by diminishing the value
of its then use, but, if the street had been put in the
condition contemplated by the ordinance after 1893,
the value of the use of the property would have been
restored. Darrow's suit embraced, as to the failure
to keep the street in fit condition for travel by
planking it, etc., only such time as had gone before.
While the doctrine prevails in this state that the
building of a steam railroad upon and along a street

or other public highway is not an additional servitude entitling the owner of the abutting land to further compensation, still, unless the railroad so constructed is prudently operated, or if it so occupy the public street as to practically destroy or unreasonably interfere with the easement in the street which the owners of the abutting lots enjoyed in getting to and from their properties, that is a taking of the property of the abutting owners, for which they are entitled to compensation. L. R. Co. v. Foster, 108 Ky. 743, 57 S. W. 480, 22 Ky. Law Rep. 458, 50 L. R. A. 813; M. & B. S. R. Co. v. Conner, 29 S. W. 344, 16 Ky. Law Rep. 635; Henderson Belt R. Co. v. De Champ, 95 Ky. 219, 24 S. W. 605, 16 Ky. Law Rep. 82; Lou. So. R. Co. v. Cogar, 15 Ky. Law Rep. 444; Lou. So. R. Co. v. Hooe, 35 S. W. 266, 38 S. W. 131, 18 Ky. Law Rep. 521; M. & B. S. R. Co. v. Ingram, 30 S. W. 8, 16 Ky. Law Rep. 853; L. R. Co. v. Hennen, 14 Ky. Law Rep. 526; L. & N. R. R. Co. v. Orr, supra. When the railroad was originally built, back in 1888, if its then grade, and the number of tracks built, and the proper and necessary use of them so occupied the street as to unreasonably interfere with the right of egress and ingress of the abutters that was to that extent a taking of their property, notwithstanding the legislative and municipal grants, for which they were entitled to be compensated. But that did not in fact destroy the street as a street. It was used for many years afterward for hauling and ordinary travel. The ordinance granting the right of way so contemplated, so did all the parties. But the street was neglected as to keeping it planked or macadamized. That duty the railroad company had assumed. For each of these elements, the permanent structure, and the temporary neglect the then owners

were entitled to recover to the extent they suffered special damages from the fact. In recent years the railroad had been gradually raised, and the additional tracks laid, and the signal system installed. All these things were further encroachments which were an additional obstruction to the use of the street as a highway. If they occurred since the appellant bought the lots, he is entitled to recover compensation to the extent that they have lessened the value of his property. As we have said, the evidence for appellant shows that the raising of the grade of the railroad tracks has been gradual, year by year, a little at a time. A little would not hurt. It was not the first straw that broke the camel's back. So while one year's elevation (if there was any) or the first two or three years may not have been a serious impairment of the use of the easement of the abutters, when it had grown so as to constitute such unreasonable interference, it then became actionable—not alone that done within five years of the filing of the suit, but the whole of it since the first grade was established; not from the time when any inch or two was added, but from the time when the added height became first an impairment of the easement. In addition, the failure for five years before this suit to properly plank or otherwise to put in fit condition for travel the surface of the highway adjacent to and abutting upon appellant's lots was an additional element of damage for which he is entitled to recover in this action.

There was considerable evidence introduced as to the existence of another street recently opened parallel with Third street, and which afforded appellant and his tenants a safer and better way to these lots, although it let them into the rear of them instead of

the front.  We think all that evidence was irrelevant. The subject of this suit was the damage resulting to these lots from the destruction or impairment of the easement in Third street which was appurtenant of these lots.  Appellant is entitled to his property, which includes this easement, and it is immaterial that he has obtained another easement which is of value to the lots.  It is this Third street easement which is the property in suit, and its value has no connection with the Thomas street easement.  It may be that it would be better for the public if Third street were closed where it is occupied by the railroad tracks. The dangers necessarily incident to a joint use by the public and a railroad of a street which is entirely occupied by the tracks of a trunk railroad are obvious enough.  But, if it be so that the street ought to be closed, it should be closed by law, not by usurpation. If closed by law, the owners of property affected by it would be paid for what was thereby taken for the public's use and safety.  But no argument of expediency can justify appellees' destroying or taking a public street to the injury of private owners although for the public benefit.

A juror on his voir dire qualified, declaring that he had not formed nor expressed an opinion concerning the merits of the case.  But he had.  The fact was not learned by appellant till after the juror had signed and returned the verdict, and the jury discharged.  This was urged as a ground for a new trial. Being established, it should have prevailed.

The judgment is reversed, and cause remanded for a new trial under proceedings consistent herewith.