### Jameson, et al. v. Louisville & Nashville Railroad Company and City of Beattyville.

(Decided September 21, 1917.)

### Appeals from Lee Circuit Court.

Municipal Corporations—Closing Public Street—Action—Parties.—Persons owning property outside of a municipal corporation cannot enjoin or recover damages for the closing of a public street.

H. L. WHEELER and T. B. BLAKEY for appellants.

SAM HURST, WALLACE & HARRIS and BENJAMIN D. WARFIELD for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Walker Jameson and others brought this suit against the Louisville & Nashville Railroad Company and the city of Beattyville to enjoin the obstruction of Lumber street, or, if that could not be done, to recover damages for being deprived of their usual and customary route into the city of Beattyville. A special demurrer was sustained to the petition and the petition dismissed. The plaintiffs appeal.

The Louisville & Nashville railroad is a trunk line railway and runs through the city of Beattyville. In the year 1914 one of its tracks occupied a portion of Lumber street. At that time the company applied to the city council for permission to place a side track on Lumber street, and asked that the grade crossing where Lumber street crossed its tracks be discontinued and abolished. The company's request was granted on condition "that the railroad company, at its own expense, and without expense to the city, and as full compensation for said right of way, and for the abolishment and discontinuance of said street crossing, shall grade and macadamize East street 16 feet wide from the east end of the fill across Spring Branch Hollow on East Main street to Lumber street on the north side of the railroad tracks."

Plaintiffs base their cause of action on the following facts: Their ancestor formerly owned land abutting on Lumber street and donated to the public the road along which Lumber street lies. Plaintiffs now own a farm located about a mile from the city of Beattyville. For a great many years they have used the street in question in reaching the city of Beattyville, and by reason of the obstruction of the street are now compelled to take another and more inconvenient route.

Beattyville is a city of the fifth class, and has the power to close any of its streets, subject, however, to the right of any adjoining or adjacent landowner to be compensated for any special injury which he has sustained by reason of such closing. Commonwealth v. I. C. R. R. Co., 138 Ky. 752. The special injury which an individual must suffer in order to allow him to maintain an action for obstructing a highway must be different not merely in degree but in kind from that suffered by the public generally, and the fact that one who has very

frequent occasion to use a highway is obliged to use a longer route because of the obstruction does not constitute such special injury. Husband v. Cotton, 171 Ky. 177; L. R. A (N. S.) 1917 A. 1150.

The plaintiffs in this case do not own land adjoining or adjacent to Lumber street; their lands lie outside of the city of Beattyville and some distance therefrom. They have suffered no special injury. The injury which .they have suffered does not differ in kind from that suffered by the public in general who live outside of the city of Beattyville. If the rule were once established that a city could not close a particular street without compensating all the persons living in the county who were accustomed to use that street, the expense would be so great as practically to prohibit the exercise of such power. Hence we conclude that persons who do not own property abutting on or adjoining a public street cannot enjoin its closing, or recover damages therefor, merely because they own property out in the county and because of such closing have been compelled to take a more circuitous route in order to reach the city.

Judgment affirmed.