## Louisville & Nashville Railroad Company, et al. v. Bennett.

(Decided March 10, 1925.)

Appeal from Muhlenberg Circuit Court. ·

1.  Trial—Instruction, Permitting Award of Temporary Damages from Overflow, Erroneous, in Absence of Evidence that Embankment Temporary.—In action against railroad company for injury caused

by overflow of land resulting from inadequate culverts in embankment across valley, there being no evidence that embankment was not permanent, instruction permitting award of temporary damages held erroneous.

2. Waters and Water Courses—Measure of Damage for Overflow Stated.—Permanent damages to land caused by overflow, as result of inadequacy of culvert in railroad embankment, held to be difference between market value of overflowed land, without embankment, and such land in its condition at time of trial with embankment in place.

3. Waters and Water Courses—Proper Instruction as to Railroad's Liability for Overflow of Land Specified.—In action against railroad company which constructed embankment with insufficient culverts to take off ordinary rainfall causing overflow of lands proper instruction submitting issue specified.

WOODWARD, WARFIELD & DAWSON and EAVES & SANDIDGE for appellants.

HUBERT MEREDITH for appellee.

Opinion of the Court by Judge Sampson—Reversing.

The opinion delivered on the first appeal of this case may be found in 196 Kentucky, page 679. It contains a statement of the facts, and principles there announced are the law of the case. A second trial resulted in a verdict of $225.00 per year for nine years for the destruction of crops. It reads: "We, the jury, find for the plaintiff temporary damages in the sum of $225.00 per year for nine years, which is $1,537.50, against the L. & N. R. R. Co., and $187.50 against the Director General of R. R."

Judgment was entered on this verdict in accordance with its terms.

Appellant railroad company assigns several grounds for a reversal of the judgment. Its chief objection, however, to the judgment is that it is based upon erroneous instructions given by the court to the jury.

The evidence shows that appellee, Bennett, owns a farm, of which fifteen or sixteen acres are located in the bottom, lying along a small water course above the railroad fill or embankment through which there are two culverts about 4x4 feet in dimensions, intended to carry the water of the stream from appellee's land through the embankment to its natural course below. The embankment did not extend entirely across the valley when first

constructed, there being a space of about 100 feet to 150 feet at the creek occupied by a trestle, thus leaving an open space for the passage of the water. So long as this trestle continued the water did not back up over the lands of appellee, Bennett, so he claims; but when the trestle was later filled in with dirt and the culverts installed for the carrying off of the water, overflows became frequent upon appellee's land, according to his evidence and that of his witnesses. The embankment is about five or six feet high, made of earth and rock, and has on it crossties and steel rails such as are usually employed by railroads. In its nature the embankment is permanent. There is no evidence tending to show it to be otherwise.

The evidence shows that the cost of putting in a culvert of the size appellee estimates to be necessary to carry off the water in its natural course, would cost from $5,000.00 to $12,000.00. Appellee, Bennett, testifies there are about fifteen or sixteen acres of his bottom land subject to overflow, but the evidence does not show that all of this acreage is overflowed from water caused by ordinary rainfalls. It does show, however, that some part of it is. He also testifies that this land is worth from $50.00 to $60.00 per acre. If the value be fixed at the highest amount stated by appellee Bennett, and there are sixteen acres of it, its entire value would not exceed $960.00. His evidence, however, does not prove there are as many as sixteen acres overflowed, nor does the evidence upon the whole show the land to be worth as much as $60.00 per acre.

There was, therefore, no evidence upon which to submit to the jury the question of whether the embankment was temporary or permanent and on which the jury might base a verdict such as it returned, awarding appellee, Bennett, temporary damages, for such damages could flow only from a temporary structure, or from a structure negligently constructed and which might be remedied or corrected at an expense not in excess of the reasonable value of the lands which were caused to overflow by the negligent construction of the embankment, if any. The court should not, therefore, have submitted to the jury the question of temporary damages, but should on the facts proven have held as a matter of law that the embankment was a permanent one and that appellee, Bennett, was entitled to a recovery as for permanent injury, if at all, and so have instructed the jury. If the

jury should find from the evidence that the lands of appellee, Bennett, have been caused to overflow by reason of the inadequacy of the culverts in the embankment and that the lands of Bennett were thereby damaged, it should return a verdict for him in such sum as would equal the difference between the market value of the overflowed lands of appellee, Bennett, without such embankment causing the overflow and such land in its condition at the time of trial with the embankment in place, if any, not to exceed the sum prayed for in the petition, thus giving plaintiff a recovery once for all.

The rule governing recovery in this case is fully set forth in the first opinion herein to which we have referred. These principles are adhered to in the more recent cases of Payne, Agent v. Smith, and Payne, Agent v. Lanham, 198 Ky. 564; see also L. & N. R. R. Co. v. Crain, 189 Ky. 436.

On another trial the court will instruct the jury as indicated in the opinion upon the first appeal confining appellee, Bennett, to recovery for permanent injury, once for all. The instructions given upon the last trial were entirely too long and involved and in several respects were erroneous. The court should instruct the jury, in substance, couched in proper words, that if it believes from the evidence that the embankment of the railroad company as now maintained does not afford a reasonable escape for the water which falls on the land of appellee, Bennett, in ordinary rains and that by reason of the embankment and the insufficiency of the culverts, or either, the water from ordinary rainfalls is caused to overflow or stand on the lands of appellee, Bennett, to find and return a verdict for him; but unless it so believes to return a verdict for the railroad company. To this should be added the measure of damages usually given in cases of injury resulting to lands from permanent construction such as embankments of railroads.

Defendant company was not entitled, upon the last trial, to a directed verdict in its favor.

For the errors pointed out the judgment must be reversed for a new trial consistent with this and the former opinion of this case.

Judgment reversed.