## Stratton & Terstegge Company v. Baltimore & Ohio Southwestern Railroad Company.

(Decided June 19, 1925.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Dviision).

1. Ralroads—Whether Extension of Switch Depreciated Value of Property Held for Jury.—In suit for damages resulting from increased servitude on plaintiff's property by an extension of a railroad switch track along street on which property fronted, whether extension of switch had depreciated value of plaintiff's abutting property held for jury.

2. Railroads—Extension of Switch no Ground for Complaint by One Acquiring Property With Knowledge of Extension.—Where plaintiff, when it acquired real property abutting on street, did so with full knowledge that it was purpose of railroad to construct along such street an extension of switch, which would carry freight to and from other points, it could not complain that switch was so extended.

3. Railroads—Evidence Plaintiff had Other Means of Ingress and Egress to Property Than Street Held Inadmissible.—In suit for damages for depreciation of plaintiff's property by reason of an extension of railroad switch track, evidence that plaintiff had other means of ingress and egress to its property than street on which track was located should not have been admitted, since such fact did not mitigate against plaintiff's right to free use with public of such street.

4. Appeal and Error—Any Error in Admission of Evidence that Plaintiff had Other Means of Ingress and Egress to its Property than Street on which Track was Located Held Not Prejudicial.—In suit for damages for depreciation of plaintiff's property by extension of railroad switch track, any error in admission of evidence that plaintiff had other means of ingress and egress to its property than street on which track was located, held not prejudicial where plaintiff set out in detail location of its property, abutting streets and surrounding physical conditions, and proved existence of streets which lead to and from its property.

BLAKEY, DAVIS & LEWIS for appellant.

TRABUE, DOOLAN, HELM & HELM and T. KENNEDY HELM for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This appeal is from a judgment denying a recovery in an action brought by Stratton & Terstegge Company against the Baltimore & Ohio Southwestern Railroad Company for damages resulting from an increased servitude upon appellant's property by reason of an extension of the railroad switch track along Crop street, a public thoroughfare in the city of Louisville; and for interference with appellant's rights of ingress and egress to and from its property, and for consequent depreciation of the value of its property.

Appellant company is engaged in the manufacturing business in Louisville. It now owns all the ground bounded by Main street on the south; 15th street on the east; Rowan street on the north and 16th street on the west, and has its shops and stores there. It did not own quite all of this ground at the time this litigation was commenced. Through this block running east and west is Crop street and it is along this street the railroad switch extends.

Appellant's predecessor in title was B. F. Avery & Company, manufacturer of plows and other farming

machinery. About 1882 the Ohio and Mississippi Railroad Company, predecessor in title of the appellee, Baltimore and Ohio Railroad Company, owned and operated a line of track along 14th street in the city of Louisville. To get the business of the Avery Plow Company it obtained permission from the city to construct and maintain a switch west on Crop street to the Avery plant. After the construction of the switch the Avery people used it in loading and unloading freight received and shipped by it. It was also used more or less by other shippers who loaded and unloaded cars on the switch near the Avery plant. The switch was not private but a public one owned by the railroad company.

Other large business concerns having freight to ship installed plants on Crop street west of the Avery plant, and in 1919 desired the switch extended to their places of business. The railroad company, after being petitioned, obtained permission from the city to extend its switches westwardly on Crop street, crossing 16th street 135 feet into the next block. To this appellant, Stratton & Terstegge, objected and sued out an injunction to prevent the extension of the switch. While this was pending the firm bought additional real property in the block where its plant is situated and next to 16th street. After some delay the tracks were extended across 16th street. Thereupon this suit was brought by appellant company against the railroad company to recover $30,000.00 in damages for the resulting increased servitude, claiming the operation of trains over the switch would interfere with appellant's use of Crop street, and would subject its property to smoke and cinders from passing trains, and cause depreciation of its value. Issue was joined and the case prepared by taking evidence. When it was submitted the chancellor dismissed the petition of Stratton & Terstegge, hence this appeal.

Two grounds only are relied upon by appellant for a reversal of the judgment (a) the verdict is grossly against the evidence and not sustained by the evidence; (b) evidence of other outlets to appellant's property was incompetent and prejudicial.

1. It must be borne in mind that the switch as originally constructed extended all the way along in front of appellant's property, which at that time ended

about 60 feet east of 16th street. A great deal of freight was loaded and unloaded by appellant from this switch. In fact the switch was necessary to the conduct of its business and it is not complaining that the switch, as originally constructed and maintained in Crop street, is continued there but only that appellee railroad company has extended it westward, crossing 16th street, so as to give service to other shippers, thus increasing the use of the tracks by trains in front of appellant's plant.

There is evidence for appellant to prove that before the extension of the switch engines seldom came as far west on Crop street as its plant, and appellant's property was, therefore, little exposed to the smoke and cinders scattered by such engines, but that the extension of the switch west on Crop street requires engines placing cars on the west end of the track to move down in front of appellant's warehouses and thus subject its property to smoke, dust and cinders; that it carries a number of different lines of merchandise which it sells by wholesale to retail merchants, some of which is delicate and easily affected by smoke and dust and that its stock of merchandise is thus depreciated in value by the operation of steam trains along in front of its plant. It is also shown that Crop street is only about 30 feet wide with a five foot pavement on either side and that when a railroad car is placed upon the switch on Crop street in front of appellant's plant there is scarcely room for the passage of vehicles, and that the loading and unloading of cars on Crop street to and from freight vehicles obstructs the street and interferes with the free ingress of appellant's trucks used in carrying products to and from the different sections of its plant, which is situated on both sides of Crop street. It also introduced witnesses to prove that the value of its property had been materially decreased by the extension of the switch and the consequent increase of smoke and dust and obstruction of its ways of ingress and egress. On the other hand, appellee railroad company introduced evidence to show that the extension of the switch had not damaged the property of appellant, Stratton & Terstegge, but on the contrary had made it more valuable by affording it better shipping facilities; that appellant's plant was subjected only to the smoke and dust usually incident to steam engines the same as previously operated on that track; that the switch was a public one maintained upon a public thoroughfare to

which all shippers were alike entitled to deliver and receive freight.   The question of whether the extension of the switch had depreciated the value of appellant's property was submitted to the jury by instructions of which no complaint is made, resulting in a verdict for the railroad company which appellant says is not supported by the evidence.   We think there was abundant evidence to support the verdict.   In fact, it is hard to see in what way appellant has suffered a legal wrong.   It was not entitled to the exclusive use of Crop street for the handling of its business, that street being a public thoroughfare.   The switch was likewise a quasi public utility.   Other shippers had the right to use the street equally with appellant and likewise had the right to use the switch just as appellant used it, at all times from its installation up to the commencement of this action.   The extension of the switch for sixty feet on Crop street east of 16th street did not create an additional servitude upon the property of appellant but only upon the street which appellant did not own.   It invited and very much needed the switch about its own plant, but had no right to complain that the switch was extended along the street beyond its plant.   After the controversy arose it acquired the real property abutting on either side of Crop street, west of its plant, but it did so with full knowledge that it was the purpose of the railroad company to construct and maintain along that street an extension of the switch, which would carry freight to and from other points.   It is not, therefore, in position to complain that the switch was so extended.   Whether the property of appellant was damaged and its value depreciated was a question of controverted fact which was properly submitted to the jury.   As there was evidence both ways on the subject it was clearly within the province of the jury to say by its verdict whether or not appellant's property had been damaged by the extension of the switch.

2.   It is next insisted by appellant that the trial court erred in allowing the introduction of evidence showing that appellant had other ways of egress and ingress to its place of business than Crop street, and insists that under the opinion of Stein v. C. & O. Ry. Co., 133 Ky. 322, the court committed reversible error in allowing such evidence to go to the jury.   Appellant set out in detail in its petition the location of its property, abutting streets, and surrounding physical conditions.

It also proved the existence of the streets which lead to and from its property. The fact that there were other streets leading to and from appellant's property through which it might transact its business did not militate against its right to the free use with the public of Crop street. If appellant railroad company by the extension of the switch in any manner obstructed appellant in its legal use of the street, that is, its use in common with the traveling public, it was entitled to recover, but not otherwise. But appellant appears to contend for something more than this. While the court should not have allowed the introduction of evidence to prove that appellant had other means of ingress and egress than Crop street, the introduction of such evidence could not, in the nature of the case, the facts pleaded and proven by appellant considered, have prejudicially affected the substantial rights of appellant. There is, therefore, no merit in this contention.

As the introduction of evidence of which appellant complains is not prejudicial to its substantial rights, even though erroneous, and the question of whether appellant's rights had been invaded by increasing the burden of smoke and dust was properly submitted to the jury, there was no error in the trial warranting a reversal of the judgment, and it is, therefore, affirmed.

Judgment affirmed.