## Davis v. City of Paducah, et al.

(Decided March 5, 1926.)

## Appeal from McCracken Circuit Court.

1. Eminent Domain.—Owner of property abutting on street is the only one who has right to claim damages for closing of street.
2. Eminent Domain—Owners of Nonabutting Property are Not Necessary Parties to Action to Close Street and Cannot Recover Damages (Ky. Stats., Section 3094).—Owners of nonabutting property are not parties to action under Ky. Stats., section 3094, to close the street, and cannot recover damages for its closing.

C. C. GRASSHAM for appellant.

WHEELER & HUGHES for appellees.

Opinion of the Court by Drury, Commissioner—Affirming.

The city of Paducah began this litigation against the Nashville, Chattanooga & St. Louis Railway under section 3094 of the Kentucky Statutes, for the purpose of closing Clark street between Second and Third streets in the city of Paducah. The appellant, C. C. Davis, filed a petition and was made a party to this litigation, and sought to recover for damages to his property occasioned by the closing of this street. The court ordered the street closed, dismissed the petition of Davis, and he has appealed.

This case was heard upon an agreed stipulation, and that stipulation shows that the Nashville, Chattanooga & St. Louis Railway is the owner of all the property abutting on Clark street between Second and Third streets in Paducah. Under the rulings of this court announced in Henderson v. City of Lexington, 132 Ky. 390, 111 S. W. 318, 22 L. R. A. (N. S.) 20; Jameson v. L. & N. R. R. Co., 176 Ky. 654, 197 S. W. 386; Henderson Elevator Co. v. City of Henderson, 187 Ky. 453, 219 S. W. 809, 18 A. L. R. 983, no one else had a right to claim damages for the closing of this street, except the Nashville, Chattanooga & St. Louis Railway Company, the owner of all the property abutting on it. Davis' property abuts on Second street. No part of his property touches the street to be closed  The city of Paducah contains thousands of lots and miles of streets. Every lot owner in the city has, of course, some interest in the use of all the

streets of the city.   This use as to streets upon which his property does not abut, he enjoys in common with the other lot owners, and the public generally, but as to streets upon which his property abuts, he, in addition to the use in common with the public, enjoys a special use, it is his means of ingress and egress.

We held in the case of Henderson v. City of Lexington *supra,* that the owner of property abutting on a street, that it is proposed shall be closed, is a proper party to the proceedings to close it, and is entitled to claim damages for the closing, as he enjoys a special use of that street; but if the contention of Davis were sound, and if every one, who might object to the closing of a street because of the use he enjoys in the street in common with other lot owners of the city, is a necessary party to the closing of it, and is entitled to claim damages, then it would be well nigh, if not absolutely impossible, to close a street at all.   If the street proposed to be closed were an unused street in some remote part of the city, the fallacy of his claim would become at once apparent; and yet such a case differs only in degree and not in kind, from the contention Davis is making here.   Davis may have occasion to use this street oftener than others because of its proximity to his property, and for that reason, he may suffer more inconvenience than others, but that is a difference in degree, and not in kind.   A line must be drawn somewhere, and in this state, it has been drawn, and owners of nonabutting property are not necessary parties to an action to close a street and can not recover damages for its closing.   This rule is sound. See Lewis on Eminent Domain, 3rd ed., sections 198, 199.

It follows, therefore, that the action of the trial court in dismissing his petition must be affirmed.