## Roscoe Logue v. The State.

No. 12077.   Delivered December 12, 1928.
Rehearing denied February 13, 1929.

The opinion states the case.

*Lackey & Lackey* of Stirrett, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being fifteen months in the penitentiary.

The indictment contained two counts; the first charged possession for the purpose of sale of spirituous, vinous and malt liquor capable of producing intoxication, and the second charged the transportation of such liquor. Both counts were submitted to the jury and a conviction resulted under the second count.

Appellant reserved exception to the refusal of a requested charge directing an acquittal unless the liquor transported was "potable." No allegation in the indictment raised any such issue, neither do we find any evidence calling for the requested instruction. The only evidence regarding the character of the liquor was that it was whiskey. It is clear° from the evidence that the movements of appellant and one Keeter aroused the suspicion of the officers who watched them. After the two went into a toilet Keeter was seen to go to a warehouse, and when he came out and was approached by the officers he broke a bottle which the officers testified had contained whiskey. Keeter testified that he got this bottle of liquid from the warehouse from information given him by appellant.

About the same time the officers saw appellant with something in his bosom which he was apparently trying to conceal. As the officers approached him he broke a pint bottle, most of the contents of which was spilled on the ground and some on appellant's clothes. The officers testified that the wet place on the ground and appellant's clothing smelled like whiskey. The evidence is sufficient to support the conviction.

By one bill of exception appellant complains because one of the officers was permitted to testify that he had told another officer to go to a certain place and watch appellant and Keeter. Many objections were interposed to this evidence. We think it should have been excluded but in view of the record showing that the movements of appellant and Keeter were being observed by the officers—in fact showing conclusively that their actions had aroused suspicion and that every move on their part was being closely watched—the error in admitting the statement objected to was harmless.

The only other bill of exception brings forward complaint because the state was permitted to prove that Keeter broke the bottle of liquor when approached by the officers, this having occurred out of appellant's presence. There appears to be no controversy but that this bottle was gotten by Keeter where appellant told him he would find it. If the officers had secured it from Keeter it, as well as the contents, would have been admissible. Keeter having broken it there was no error under the circumstances here shown in permitting the state to prove that fact in connection with evidence of its contents.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The motion for rehearing complains of the insufficiency of the testimony. Officers saw appellant walking along in a public place. They went after him. When he saw them coming he took a bottle from his clothes and broke it. Officer Brunson swore in so many words "It was a bottle of whisky." The evidence showed transportation of whisky directly and not circumstantially. The special charges were properly refused. The bills of exception have been again examined and we conclude they show no reversible error.

The motion for rehearing is overruled.