## Golden v. Louisville & Nashville Railroad Company.

(Decided February 19, 1929.)

B. B. GOLDEN and J. S. GOLDEN for appellant.

WOODWARD, WARFIELD & HOBSON, ASHBY M. WARREN and BLACK, OWENS & BLACK for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This is an action to recover damages for injury to real property. The Louisville & Nashville Railroad Company double-tracked its railroad in Knox county. The new or second track in the region involved in this controversy was built about 1,400 feet from the old track and crossed a public road known as the California branch road, which connects with the state highway at a point between Corbin and Barbourville. Steve E. Golden owns a farm some distance from the railroad, but located on the branch road. This action was instituted by Golden against the railroad company alleging that it had built a large fill across the road, the approaches to which were quite steep, and that it could not be used for hauling the products of his farm and mine to market. The plaintiff's petition, as finally formulated, claimed general damages for a depreciation in the vendible value of his farm directly resulting from the obstruction of the road, and special damages for loss of profits on crops and coal, which he was unable to market. The circuit court construed the pleadings as confining the plaintiff to damages for a reduction of the vendible value of his farm, if any, and declined to submit to the jury any issue as to special damages. The jury returned a verdict for the defendant. On this appeal by plaintiff it is insisted that the court committed reversible error in the admission and limitation of evidence, and in the instructions to the jury.

The evidence admitted over plaintiff's objection consisted of testimony to the effect that there was another road equally as good and fully as convenient for plaintiff's use. The court also admitted evidence to the effect that the obstructed road was just as bad or worse in other places as at the crossing. Evidence was also admitted to the effect that coal mines similar to that of plaintiff could not be operated at a profit under the demoralized condition of the coal market. If the circuit court was correct in its conception of the pleadings, the ruling upon the evidence in question was justified. If

the plaintiff had another road equally accessible and convenient, there was no reason why he should not use it to market his crops and coal. Because one of his outlets had been obstructed, plaintiff was not at liberty to permit his crops to perish or his mines to lie idle at the expense of appellant. Louisville & N. R. Co. v. Cooper, 164 Ky. 494, 175 S. W. 1034, L. R. A. 1915E, 336. By a parity of reasoning, it was equally competent to prove that, even though the crossing had been in perfect condition, plaintiff was not hurt because the remainder of the road was not in passable condition. It would benefit plaintiff nothing to cross the railroad if he could not then get to market. The evidence did not justify the wrong of defendant, but it tended to show that it was not the proximate cause of the special injury. Likewise the evidence respecting the profits to be made from the operation of coal mines similar to that of plaintiff was admissible. If the plaintiff should be entitled to recover damages for failure to operate his coal mines, it is certainly competent for defendant to prove that no profits could be made at such mines.

But we are convinced from an examination of the record that the essence of plaintiff's cause of action was the direct damage to his farm. The railroad structure was permanent, and, according to the evidence, the crossing was completed and the roadway across the track was surfaced. It must be regarded, under the evidence, as a permanent structure for which the plaintiff can only recover the depreciation in the value of his property, if any, caused by the permanent obstruction. Louisville & N. R. Co. v. Bennett, 207 Ky. 776, 271 S. W. 71; Payne v. Smith, 198 Ky. 564, 249 S. W. 995; Louisville & N. R. Co. v. Crain, 189 Ky. 431, 224 S. W. 1063; Cole & Crain v. May, 185 Ky. 135, 214 S. W. 885.

It is true we have held that, when the injury is temporary and may be remedied at reasonable expense, recurring recoveries may be had; but, where the injury is permanent and the damage resulting is fixed and consists of depreciation in the value of the property, a recovery must be had once for all. Louisville & N. R. Co. v. Whitsell, 125 Ky. 433, 101 S. W. 334, 31 Ky. Law Rep. 76. If the evidence be in conflict as to whether the injury is temporary or permanent, the question should be submitted to the jury under appropriate instructions. Louisville & N. R. Co. v. Bennett, 196 Ky. 679, 246 S. W. 121; Honaker v. Chesapeake & Ohio Ry. Co., 209 Ky. 576, 273 S. W. 81.

The pleadings and proof in this case, however, leave no room for doubt that the roadbed constructed by the defendant is a permanent structure, and there is nothing to indicate that the difficulties encountered can be corrected at any reasonable expense. Louisville & N. R. Co. v. Bennett, 196 Ky. 679, 246 S. W. 121.

Treating the case solely as an action to recover damages for depreciation of the vendible value of the land, the question then arises whether evidence as to the bad condition of the road in other places, or evidence as to special damages, should have been admitted at all or limited by the court to its effect on the issue of value. The court instructed the jury that the evidence was admitted only for the purpose of showing that the value of the land was affected by the construction of the railroad, and the failure to restore the crossing to the conditions existing before the structure was erected. Witnesses would necessarily consider all of the conditions surrounding the land in order to express an intelligent opinion as to the value of the land before and after the obstruction was created. It would be necessary to consider, first, whether there were other ways affording access to the property, and then whether the property was capable of producing valuable products. The value of a farm consists largely in what it will produce and the availability of a market for the products. Matters which a witness would necessarily consider must be equally enlightening to a jury, and we think the court ruled correctly in admitting the evidence for the purposes indicated, and in admonishing the jury accordingly. It is true that in the case of Louisville & N. R. Co. v. Commonwealth, 149 Ky. 459, 149 S. W. 898, this court held that evidence as to conditions on a road remote from the crossing was immaterial and incompetent; but in that case the railroad company was indicted for failure to restore the crossing, and the sole issue to be tried was whether the crossing itself had been put in the condition required by law. It is materially different when damages are sought for inability to get to market and the crossing constituted a mere link in the way to market. It was held in Stein v. Chesapeake & O. R. Co., 132 Ky. 322, 116 S. W. 733, that evidence as to the existence of another street affording access to the damaged lot was irrelevant (cf. Stratton & Terstegge Co. v. Baltimore & O. S. W. R. Co., 209 Ky. 665, 273 S. W. 506); but that case was limited to the recovery of damages for the destruction or impairment of an easement

in another street. The evidence was offered in that case as a defense to the action, and the court held that it was immaterial that the lot had other easements. If the court's attention had been called to the fact that the evidence was receivable as affecting the value of the property before and after the easement was destroyed, it doubtless would have been considered. This case is not like the one under consideration in Solar Coal Co. v. Hoskins, 220 Ky. 693, 295 S. W. 989, which was an action to recover special damages alone limited to a fixed and definite period. It is perfectly obvious that a farm with but one road affording a means of access would be damaged more by the obstruction of that road than it would be if it had another road by which access could be readily obtained. While the existence of another road is no defense for the wrongful obstruction of an independent way (Lexington & E. Ry. Co. v. Hargis, 180 Ky. 636, 203 S. W. 525), yet it is an element to be considered in ascertaining the amount of damages resulting from the closing of one of the roads (Hastings v. Livermore, 7 Gray [Mass.] 194). We perceive no error in the admission of evidence, or in the limitation placed on the evidence by defining to the jury the special purposes for which it was competent to be considered.

The court gave the jury an instruction as follows: "Although the jury shall believe as set out in either the first or the second instruction, yet if you shall believe from the evidence that the plaintiff had or has another road or highway reasonably accessible, suitable and convenient for use by him in moving coal, crops, and other commodities raised on or upon said lands to available markets, then in that event you will find for the defendant."

It will be observed that the instruction did not conform to the principles we have just stated, but directed the jury to find for the defendant, if plaintiff had another road reasonably accessible, suitable, and convenient for use by him in moving his commodities to market. Although the jury may have believed from the evidence that plaintiff's land had been depreciated in value by the obstruction of one of the roads, yet they could find nothing for him, under the instruction, if plaintiff had another road. The court had properly submitted to the jury a direction to find for the plaintiff if the obstruction of the highway in question had impaired the vendible value of

his land, and had correctly defined the measure of damages as the difference between the fair market value of the land before and after the injury. The instruction quoted was entirely inconsistent with the other instructions, and amounted to a peremptory instruction for defendant, if the other road was found to exist, regardless of damage done by obstructing the particular road. This was error. The instructions were complete without it. The existence of other equally good roads would be a complete defense to a claim for special damages, as to crops and the like, but it constitutes no defense to a claim for damages to the land caused by a permanent obstruction in one of the roads serving it. Evidence of the existence of other roads may be received as affecting the amount of depreciation, but it is not a defense to the action. Lexington & E. Ry. Co. v. Hargis, supra; Husband v. Cotton, 171 Ky. 180, 188 S. W. 380, L. R. A. (N. S.) 1917A, 1150; Jameson v. Louisville & N. R. R. Co., 176 Ky. 654, 197 S. W. 386.

For the error indicated, a new trial will have to be awarded.

The judgment is reversed for a new trial not inconsistent with this opinion.