## Richmond et al. v. Frazier.

(Decided December 15, 1931.)

J. L. HAYS for appellants.

D. I. DAY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Owen F. Richmond and Susan Richmond are the owners of a house and a small tract of land situated near Whitco, in the county of Letcher. Abutting their property was an old road, which had been used as a public highway for a great many years. After J. H. Frazier became the owner of the adjacent tract of land, he consulted with the county judge with reference to the closing of the old road and the opening of a new road in its place. At the suggestion of the county judge he prepared a petition to be signed by those who owned property adjoining and abutting the old road. All the landowners, with the exception of Susan Richmond, signed the petition. Thinking that this was all that was necessary, Frazier, without taking the steps required by the statute, proceeded to fence the old road and open a new road on his own property. Some time later Owen Richmond and his wife, alleging that the old road had been wrongfully closed, that there was no other highway leading to or from their property, that they had been deprived of access to their property, and that by reason thereof its market value had been decreased, brought suit against Frazier to recover damages in the sum of $1,000. On a trial before a jury, the Richmonds offered evidence to the effect that the old road was more conven-

ient and suitable for public travel than the new road, and that their property was injured by the closing of the old road. On the other hand, the evidence of Frazier and his witnesses was to the effect that the new road was just as convenient and suitable for travel as the old road, and that the market value of the Richmond property had not been diminished. The jury found for Frazier, and the Richmonds appeal.

One of the grounds urged for reversal is that the opening of the new road, although equally convenient and suitable for traffic, was no defense to the claim for damages caused by the permanent obstruction of the old road, and that the court erred in permitting the jury to hear evidence concerning the relative merits of the two roads. If appellants had brought an action to enjoin the closing and obstruction of the old road, evidence that appellee had opened a new road would not have been admissible. But that is not the case. Appellants did not ask the abatement of the nuisance, but were content to ask damages for the diminution in the market value of their land, caused by the closing and obstruction of the old road. Though, in the circumstances, the opening of the new road was no defense to the action, evidence of its existence and its suitability for travel as compared to the old road was admissible on the question of depreciation in the market value of the property caused by the closing of the old road. Golden v. Louisville & N. R. Co., 228 Ky. 134, 13 S. W. (2d) 379.

Another contention is that the court erred in permitting appellee to testify as to the petition signed by Owen F. Richmond and other landowners. The argument is that, as appellee did not follow up the petition with the steps necessary to authorize the closing of the old road, the petition was not admissible for any purpose, and evidence to the effect that Owen F. Richmond had signed it was prejudicial, in that it put him in the position of asking damages for a condition to which he had assented. The evidence was admitted on the ground that it tended to show good faith on the part of Frazier. Whether it was admissible or not, we deem it unnecessary to decide. It is sufficient to say that the court in its instructions did not give the petition any effect, but assumed, as should have been done, that the closing of the old road was unlawful.

Instruction No. 1 is as follows: "If the jury believe from the evidence that the change made by the defendant in the roadway referred to in the evidence by obstructing and closing the old road and opening the new road in lieu thereof lessened the value of the land of plaintiffs referred to in the evidence the jury will find for the plaintiffs such a sum in damages as will fairly and reasonably compensate them for the difference between the fair market value of their property, if any, immediately before and immediately after such change, so that the whole sum found does not exceed the sum of $1,000.00 the amount claimed in the petition. Unless the jury believe that the value of the land of plaintiffs was lessened by reason of said change they will find for the defendant." It is insisted that this instruction is erroneous in that it authorized damages only in the event that the change from the old road to the new road lessened the value of the land, and fixed the measure of damages as the difference between the fair market value of the property immediately before, and immediately after, such "change," instead of the diminution in the market value of the land caused by the closing of the old road. While there may be ground for technical criticism, we do not regard the instruction as prejudicial. As before stated, the jury, in determining the depreciation in the market value of the property caused by the closing of the old road, had the right to consider the existence and suitability of the new road, and to refuse to award damages if the situation was such that the market value of the land had not been diminished. In the circumstances the given instruction presented a complete picture to the jury. Therefore the instruction did not go far afield in fixing the damages at the difference between the fair market value of the property immediately before and after the change.

The court did not err in refusing the offered instruction telling the jury how a public highway might be established by user, and what steps were necessary to discontinue a public highway. As the evidence showed that the road in question had been established by long and continued use, and that the proper steps to close the road had not been taken, the court, in instruction No. 1, properly assumed that the road was a public highway, and that it was wrongfully closed by appellee. Therefore the instruction is more favorable than if these questions

had been submitted to the jury, and appellants are not in a position to complain.

On the whole we find no error in the record prejudicial to appellants' substantial rights.

Judgment affirmed.